7. The allegations set forth in Paragraph 7 of the Complaint do not pertain to this Defendant; therefore, no response is made thereto as none is required.

8. The allegations set forth in Paragraph 8 of the Complaint do not pertain to this Defendant; therefore, no response is made thereto as none is required.

## FACTS

9. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

10. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

11. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

12. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

13. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

14. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

15. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

16. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

17. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

18. The Defendant admits that he provided care and treatment to the Plaintiff as a consulting physician as set forth in the documentation of his interactions with the Plaintiff. The Defendant denies the remainder of the allegations in this paragraph of the Complaint.

19. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

20. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

21. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

22. The Defendant denies the allegations in this paragraph of the Complaint.

23. The Defendant denies the allegations in this paragraph of the Complaint.

24. The denies the allegations in this paragraph of the Complaint.

25. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

26. The Defendant admits that he was aware of LCAT deficiency, and denies the remaining allegations in this paragraph of the Complaint.

27. The Defendant denies the allegations in this paragraph of the Complaint.

28. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

29. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

30. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

31. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

32. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

33. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

34. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

35. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

36. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph (and sub-parts) of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

37. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

38. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

39. The Defendant admits that he provided care and treatment to the Plaintiff as a consulting physician as set forth in the documentation of his interactions with the Plaintiff. The Defendant denies the remainder of the allegations in this paragraph of the Complaint.

40. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

41. The Defendant admits that he provided care and treatment to the Plaintiff as a consulting physician as set forth in the documentation of his interactions with the Plaintiff. The Defendant denies the remainder of the allegations in this paragraph of the Complaint.

42. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

43. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

44. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

45. The Defendant denies the allegations in this paragraph of the Complaint.

46. The Defendant admits that he provided care and treatment to the Plaintiff as a consulting physician as set forth in the documentation of his interactions with the Plaintiff. The Defendant denies the remainder of the allegations in this paragraph of the Complaint.

47. The Defendant denies the remainder of the allegations in this paragraph of the Complaint.

48. The allegations set forth in Paragraph 48 of the Plaintiff's Complaint contain legal conclusions, to which the defendant need not reply. In the event these allegations are construed to require a response, the defendant denies the same.

49. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

50. The Defendant admits the allegations in this paragraph of the Complaint.

51. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

52. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

53. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

54. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

55. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

56. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

57. The allegations set forth in Paragraph 57 of the Plaintiff's Complaint contain legal conclusions, to which the defendant need not reply. In the event these allegations are construed to require a response, the Defendant denies the same.

58. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

59. The Defendant admits that he provided care and treatment to the Plaintiff as a consulting physician as set forth in the documentation of his interactions with the Plaintiff. The Defendant denies the remainder of the allegations in this paragraph of the Complaint.

60. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

61. The Defendant denies the allegations in this paragraph of the Complaint.

62. The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph (and sub-parts) of the Plaintiff's Complaint and therefore, calls upon the Plaintiff to prove same.

63. The Defendant denies the allegations in this paragraph of the Complaint.

64. The Defendant denies the allegations in this paragraph of the Complaint.

65. The allegations set forth in Paragraph 65 of the Plaintiff's Complaint contain legal conclusions, to which the defendant need not reply. In the event these allegations are construed to require a response, the defendant denies the same.

## VICARIOUS AND SUCCESSOR LIABILITY

66. The Defendant does not respond to the allegations contained in this paragraph of the Complaint as they are not directed at this Defendant.

67. The Defendant does not respond to the allegations contained in this paragraph of the Complaint as they are not directed at this Defendant.

68. The Defendant does not respond to the allegations contained in this paragraph of the Complaint as they are not directed at this Defendant. Further, this paragraph consists of legal conclusions and not allegations of fact, to which no response is required.

69. The Defendant does not respond to the allegations contained in this paragraph of the Complaint as they are not directed at this Defendant.

70. The Defendant does not respond to the allegations contained in this paragraph of the Complaint as they are not directed at this Defendant.

## COUNT I

71. The Defendant repeats and reavers fully herein his Answers to all preceding paragraphs of the Plaintiff's Complaint as if each were fully set forth herein.

72. The Defendant denies the allegations set forth in paragraph 72 (and sub-parts) of Count I of the Plaintiff's Complaint.

73. The Defendant denies the allegations set forth in paragraph 73 of Count I of the Plaintiff's Complaint.

74. The Defendant denies the allegations set forth in paragraph 74 of Count I of the Plaintiff's Complaint.

75. The Defendant denies the allegations set forth in paragraph 75 of Count I of the Plaintiff's Complaint.

76. The Defendant denies the allegations set forth in paragraph 76 of Count I of the Plaintiff's Complaint.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to the relief requested under Count I, or to any relief whatsoever, and requests that judgment enter on the Defendant's behalf, together with interest and costs.

## COUNT II

77. The Defendant repeats and reavers fully herein his Answers to all preceding paragraphs of the Plaintiff's Complaint as if each were fully set forth herein.

78. The Defendant denies the allegations set forth in paragraph 78 of Count II of the Plaintiff's Complaint.

79. The Defendant denies the allegations set forth in paragraph 79 of Count II of the Plaintiff's Complaint.

80. The Defendant denies the allegations set forth in paragraph 80 of Count II of the Plaintiff's Complaint.

81. The Defendant denies the allegations set forth in paragraph 81 of Count II of the Plaintiff's Complaint.

82. The Defendant denies the allegations set forth in paragraph 82 of Count II of the Plaintiff's Complaint.

83. The Defendant denies the allegations set forth in paragraph 83 of Count II of the Plaintiff's Complaint.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to the relief requested under Count II, or to any relief whatsoever, and requests that judgment enter on the Defendant's behalf, together with interest and costs.

## COUNT III

84. The Defendant repeats and reavers fully herein his Answers to all preceding paragraphs of the Plaintiff's Complaint as if each were fully set forth herein.

85. The Defendant denies the allegations set forth in paragraph 85 of Count III of the Plaintiff's Complaint.

86. The Defendant denies the allegations set forth in paragraph 86 of Count III of the Plaintiff's Complaint.

87. The Defendant denies the allegations set forth in paragraph 87 of Count III of the Plaintiff's Complaint.

88. The Defendant denies the allegations set forth in paragraph 88 of Count III of the Plaintiff's Complaint.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to the relief requested under Count III, or to any relief whatsoever, and requests that judgment enter on the Defendant's behalf, together with interest and costs.

## COUNT IV

89. The Defendant repeats and reavers fully herein his Answers to all preceding paragraphs of the Plaintiff's Complaint as if each were fully set forth herein.

90. The allegations set forth in paragraph 90 of Count IV of the Plaintiff's Complaint contain legal conclusions, to which the Defendant need not reply. In the event these allegations are construed to require a response, the Defendant denies the same.

91. The allegations set forth in paragraph 91 of Count IV of the Plaintiff's Complaint contain legal conclusions, to which the Defendant need not reply. In the event these allegations are construed to require a response, the Defendant denies the same.

92. The Defendant denies the allegations set forth in paragraph 92 of Count IV of the Plaintiff's Complaint.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to the relief requested under Count IV, or to any relief whatsoever, and requests that judgment enter on the Defendant's behalf, together with interest and costs.

## COUNT V

93. The Defendant repeats and reavers fully herein his Answers to all preceding paragraphs of the Plaintiff's Complaint as if each were fully set forth herein.

94. The Defendant denies the allegations set forth in paragraph 94 of Count V of the Plaintiff's Complaint.

95. The Defendant denies the allegations set forth in paragraph 95 of Count V of the Plaintiff's Complaint.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to the relief requested under Count V, or to any relief whatsoever, and requests that judgment enter on the Defendant's behalf, together with interest and costs.

## COUNT VI

96. The Defendant repeats and reavers fully herein his Answers to all preceding paragraphs of the Plaintiff's Complaint as if each were fully set forth herein.

97. The Defendant denies the allegations set forth in paragraph 97 of Count VI of the Plaintiff's Complaint.

98. The Defendant denies the allegations set forth in paragraph 98 of Count VI of the Plaintiff's Complaint.

99. The Defendant denies the allegations set forth in paragraph 99 of Count VI of the Plaintiff's Complaint.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to the relief requested under Count VI, or to any relief whatsoever, and requests that judgment enter on the Defendant's behalf, together with interest and costs.

## AFFIRMATIVE DEFENSES

Having denied each and every allegation of the Plaintiff's Complaint not specifically admitted above, the Defendant by way of affirmative defenses states and avers as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each respective count thereof, fails to state a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed for insufficient service of process.

### THIRD AFFIRMATIVE DEFENSE

The negligence of the Plaintiff was greater than the alleged negligence of the Defendant, such negligence of the Plaintiff contributed to her alleged damages and therefore, the Plaintiff is barred from recovery for the Defendant's alleged negligence under M.G.L. c. 231, § 85.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff was guilty of contributory negligence and the damages, if any, recovered by the Plaintiff from the Defendant should be reduced in proportion to the said negligence of the Plaintiff in accordance with M.G.L. c. 231, § 85.

### FIFTH AFFIRMATIVE DEFENSE

Pursuant to M.G.L. c. 231, § 60B (Chapter 362 of the Acts of 1975), it is requested that a medical tribunal be convened within 15 days to compel the Plaintiff to present an offer of proof.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's recovery for pain and suffering, embarrassment and other items of general damages, if any, is limited as provided by M.G.L. c. 231, § 60H.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's recovery for past and future medical expenses is limited pursuant to the provisions of M.G.L. c. 231, § 60G.

### EIGTH AFFIRMATIVE DEFENSE

At all times relevant to the Complaint, the Plaintiff was advised of the various risks, limitations, and alternatives to the proposed diagnostic testing or treatment proposed and the Plaintiff exercised informed consent in selecting the manner of diagnostic testing and treatment.

### NINTH AFFIRMATIVE DEFENSE

Any injuries allegedly sustained by the Plaintiff resulted from dangers the risk of which the Plaintiff assumed and, therefore, the Plaintiff cannot recover.

## TENTH AFFIRMATIVE DEFENSE

If the Plaintiff incurred any injury or damages as alleged, the same was caused by and through the acts or omissions of a third party or persons, for whose conduct this Defendant is in no way legally responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendant has not knowingly or intentionally waived any applicable affirmative defenses. The Defendant reserves her right to assert and to rely upon other defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by other Defendants in this case, and to amend her Answer and/or Affirmative Defenses accordingly.

## JURY DEMAND

### THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES

The Defendant,
ERNST J. SCHAEFER, M.D.,
By his attorneys,

Ellen Epstein Cohen, BBO # 543136
Sarah A. Doucett, BBO # 693659
Adler│Cohen│Harvey│Wakeman│Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110
(617) 423-6674
ecohen@adlercohen.com
sdoucett@adlercohen.comsas

I HEREBY ATTEST AND CERTIFY ON
Dec. 30, 2016
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

11

10

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
2016 DEC -9 P 2: 53
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

EDMUND EDWARD WARD,

        Plaintiff,

   v.

BRUCE AUERBACH, ERNST J. SCHAEFER,
M.D., ROBERT D. SHAMBUREK, M.D.,
ALAN T. REMALEY, M.D., ALPHACORE
PHARMA, LLC, ASTRAZENECA
BIOPHARMACEUTICALS, INC., and
MEDIMMUNE, LLC,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C. A. No. 1684-cv-02364

## DEFENDANTS ALPHACORE AND BRUCE AUERBACH'S NOTICE OF JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Pursuant to Superior Court Rule 9E, Defendants AlphaCore Pharma LLC and Bruce Auerbach hereby notify the Court that on December 9, 2016, it served Plaintiff, Edmund Edward Ward, via first class mail, and pursuant to Superior Court Rule 9A, with their Joint Motion to Dismiss for Lack of Personal Jurisdiction.

Respectfully submitted,

ALPHACORE PHARMA, LLC

By its attorneys,

_____
William A. Zucker, Esq. (BBO # 541240)
John M. Allen, Esq. (BBO # 673081)
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
617.449.6500
wzucker@mccarter.com
jallen@mccarter.com


BRUCE AUERBACH

By his attorneys,

_____
Mark S. Furman (BBO # 181680)
Emily C. Shanahan (BBO# 643456)
Tarlow, Breed, Hart & Rodgers PC
101 Huntington Ave., 5th Fl.
Boston, MA 02199
617.218.2000
mfurman@tbhr-law.com
eshanahan@tbhr-law.com

I HEREBY ATTEST AND CERTIFY ON

Dec. 30, 2016____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk


December 9, 2016

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2016, a true copy of the Notice of Motion to Dismiss was served upon all known appearing attorneys or parties of record by first class mail, postage prepaid, as follows:

Edmund Edward Ward, Pro Se
21 Overlook Drive
Weston, MA  02480

Patrick T. Clendenen, Esq.
Davis, Malm & D'Agostine, PC
One Boston Place, Suite 3700
Boston, MA  02108

Mark S. Furman, Esq.
Emily C. Shanahan, Esq.
Tarlow, Breed, Hart & Rodgers PC
101 Huntington Ave., 5th Fl.
Boston, MA 02199

Ellen Epstein Cohen, Esq.
Sarah A. Doucett, Esq.
Adler Cohen Harvey Wakeman Guekguezian LLP
75 Federal Street, 10th Floor
Boston, MA  02110

Alan T. Remaley, M.D.
National Institute of Health
National Heart Lung and Blood Institute
BG 10 RM 2C433
10 Center Drive
Bethesda, MD  20814

Robert D. Shamburek, M.D.
National Institute of Health
National Heart Lung and Blood Institute
BG 10 RM 8N202
10 Center Drive
Bethesda, MD  20814

By: _____
John M. Allen

3

11

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

EDMUND EDWARD WARD,                    )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )
                                       )
BRUCE AUERBACH, ERNST J. SCHAEFER,     )
M.D., ROBERT D. SHAMBUREK, M.D.,       )
ALAN T. REMALEY, M.D., ALPHACORE       )        C. A. No. 1684-cv-02364
PHARMA, LLC, ASTRAZENECA               )
BIOPHARMACEUTICALS, INC., and          )
MEDIMMUNE, LLC,                        )
                                       )
                    Defendant.         )
                                       )

**DEFENDANTS ASTRAZENECA AND MEDIMMUNE'S NOTICE OF MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM**

Pursuant to Superior Court Rule 9E, Defendants AstraZeneca Pharmaceuticals LP

(incorrectly named in the Complaint as "AstraZeneca Biopharmaceuticals, Inc.") and

MedImmune, LLC hereby notify the Court that on December 9, 2016, it served Plaintiff,

Edmund Edward Ward, via first class mail, and pursuant to Superior Court Rule 9A, with a

Motion to Dismiss for Failure to State a Claim.

Respectfully submitted,

ASTRAZENECA PHARMACEUTICALS
LP AND MEDIMMUNE, LLC,

By their attorneys,

William A. Zucker, Esq. (BBO # 541240)
John M. Allen, Esq. (BBO # 673081)
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
617.449.6500
wzucker@mccarter.com
jallen@mccarter.com

December 9, 2016

I HEREBY ATTEST AND CERTIFY ON

Dec. 30, 2016 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
      Asst. Clerk

2

MEI 23824779v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2016, a true copy of the Notice of Motion to Dismiss was served upon all known appearing attorneys or parties of record by first class mail, postage prepaid, as follows:

Edmund Edward Ward, Pro Se
21 Overlook Drive
Weston, MA  02480

Patrick T. Clendenen, Esq.
Davis, Malm & D'Agostine, PC
One Boston Place, Suite 3700
Boston, MA  02108

Mark S. Furman, Esq.
Emily C. Shanahan, Esq.
Tarlow, Breed, Hart & Rodgers PC
101 Huntington Ave., 5th Fl.
Boston, MA 02199

Ellen Epstein Cohen, Esq.
Sarah A. Doucett, Esq.
Adler Cohen Harvey Wakeman Guekguezian LLP
75 Federal Street, 10th Floor
Boston, MA  02110

Alan T. Remaley, M.D.
National Institute of Health
National Heart Lung and Blood Institute
BG 10 RM 2C433
10 Center Drive
Bethesda, MD  20814

Robert D. Shamburek, M.D.
National Institute of Health
National Heart Lung and Blood Institute
BG 10 RM 8N202
10 Center Drive
Bethesda, MD  20814

By: _____
John M. Allen

3



# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:  1684-CV-02364

|  |  |
|---|---|
| EDMUND EDWARD WARD, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRUCE AUERBACH, ERNST J. SCHAEFER, | ) |
| M.D., ROBERT D. SHAMBUREK, M.D., | ) |
| ALAN T. REMALEY, M.D., ALPHACORE | ) |
| PHARMA, LLC, ASTRAZENECA | ) |
| BIOPHARMACEUTICALS, INC., AND | ) |
| MEDIMMUNE, LLC | ) |
| Defendants. | |

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
2016 DEC 12 P 2: 18
SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

## SECOND AFFIDAVIT OF PATRICK T. CLENDENEN RE: SERVICE OF PROCESS

I, Patrick T. Clendenen, being duly sworn, hereby depose and say:

1.    I am an attorney and member of the Bar of the Commonwealth of Massachusetts.

2.    On November 21, 2016 I served copies of a Summons, Complaint and Jury Demand and Court Docket Sheet filed in this action on the defendants Robert D. Shamburek, M.D., National Institutes of Health; Alan T. Remaley, M.D., National Institutes of Health, by federal express, in accordance with Mass. R. Civ. P. 4(e) and the Massachusetts Long-Arm Statute.

3.    Robert D. Shamburek, M.D., National Institutes of Health received the materials on November 23, 2016 and A. Wolska signed the Federal Express receipt. (The FedEx proof-of-delivery for tracking number 777765409840 and the original summons are attached hereto as

803748.1

Exhibit A).

4.     Alan T. Remaley, M.D., National Institutes of Health received the materials on November 22, 2016 and G. Gray signed the Federal Express receipt. (The FedEx proof-of-delivery for tracking number 777765449112 and the original summons are attached hereto as Exhibit B).

5.     As the affidavit of Patrick Clendenen re: Service of Process, dated November 21, 2016, states at paragraph 6:   "On October 14, 2016, Robert Shamburek, M.D., and Alan Remaley, M.D., were served by United States Postal Service certified mail, return receipt requested. . . ." As of today, both packages remain "In Transit to Destination." (See attachments as Exhibit C)"

Signed under the pains and penalties of perjury this 9th day of December, 2016.

*Patrick Clendenen*

Patrick T. Clendenen

I HEREBY ATTEST AND CERTIFY ON

Dec.30, 2016 _____, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *Margaret M. Sellen*

Asst. Clerk

803748.1

*A*



November 29,2016

Dear Customer:

The following is the proof-of-delivery for tracking number **777765409840**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | A.WOLSKA | Delivery location: | BETHESDA, MD |
| Service type: | FedEx Priority Overnight | Delivery date: | Nov 23, 2016 12:09 |
| Special Handling: | Deliver Weekday | | |

Signature image is available. In order to view image and detailed information, the shipper or payor account number of the shipment must be provided.

## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 777765409840 | Ship date: | Nov 21, 2016 |
| | | Weight: | 0.5 lbs/0.2 kg |

| | |
|---|---|
| Recipient: | Shipper: |
| BETHESDA, MD US | Boston, MA US |

| | |
|---|---|
| Reference | 14034-001 |

Thank you for choosing FedEx.

*Suffolk*
*2016.*
*2364*

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. ___1684 CV 02364___

___Edmund Edward Ward_____ , Plaintiff(s)

v.

Bruce Auerbach, Ernst J. Schaefer M.D.,
Robert D. Shamburek, M.D., Alan T. Remaley, M.D.,
Alphacore Pharma, LLC, Astrazeneca Biopharmaceuticals, Inc.,
Medimmune, LLC _____, Defendant(s)

## SUMMONS

To the above-named Defendant:  Robert D. Shamburek, M.D., National Institutes of Health
Building 10#7N115, 10 Center Drive, Bethesda, MD 20892
You are hereby summoned and required to serve upon___Patrick T. Clendenen_____

Davis, Malm & D'Agostine, P.C.,

plaintiff's attorney, whose address is _One Boston Place, Boston, MA 02108____ , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire,  at Boston, the ___13_____ day of
__October_____ , in the year of our Lord two thousand __and Sixteen._____  .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint; but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER



November 29,2016

Dear Customer:

The following is the proof-of-delivery for tracking number **777765449112**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | G.GRAY | Delivery location: | BETHESDA, MD |
| Service type: | FedEx Priority Overnight | Delivery date: | Nov 22, 2016 14:35 |
| Special Handling: | Deliver Weekday | | |

Signature image is available. In order to view image and detailed information, the shipper or payor account number of the shipment must be provided.

## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 777765449112 | Ship date: | Nov 21, 2016 |
| | | Weight: | 0.5 lbs/0.2 kg |
| Recipient: | | Shipper: | |
| BETHESDA, MD US | | Boston, MA US | |
| Reference | | 14034-001 | |

Thank you for choosing FedEx.

# Commonwealth of Massachusetts

SUFFOLK, ss.



:
:
:
:
:

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 1684 CV 02364

Edmund Edward Ward _____ , Plaintiff(s)

v.

Bruce Auerbach, Ernst J. Schaefer M.D.,
Robert D. Shamburek, M.D., Alan T. Remaley, M.D.,
Alphacore Pharma, LLC, Astrazeneca Biopharmaceuticals, Inc.,
Medimmune, LLC _____ , Defendant(s)

## SUMMONS

To the above-named Defendant:  Alan T. Remaley, M.D., National Institutes of Health
Building 10 #2C433, 10 Center Drive, Bethesda, MD  20814

You are hereby summoned and required to serve upon ___Patrick T. Clendenen_____

___Davis, Malm & D'Agostine, P.C.,_____

plaintiff's attorney, whose address is ___One Boston Place, Boston, MA  02108___ , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the ___13___ day of
___October___ , in the year of our Lord two thousand ___and Sixteen.___ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV. P.1 10M—5/16

# ≡USPS.COM®

# USPS Tracking®

**Still Have Questions?**
Browse our FAQs ›



**Get Easy Tracking Updates ›**
Sign up for My USPS.

---

**Tracking Number:** 70153430000080275762

## Product & Tracking Information

## Available Actions

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **October 18, 2016 , 6:53 am** | **In Transit to Destination** | |

The item is currently in transit to the destination as of October 18, 2016 at 6:53 am.

| | | |
|---|---|---|
| October 17, 2016 , 6:12 pm | Departed USPS Facility | GAITHERSBURG, MD 20898 |
| October 16, 2016 , 4:53 am | Arrived at USPS Facility | GAITHERSBURG, MD 20898 |
| October 15, 2016 , 9:06 am | Departed USPS Facility | BOSTON, MA 02205 |
| October 15, 2016 , 2:03 am | Arrived at USPS Facility | BOSTON, MA 02205 |

---

## Track Another Package

Tracking (or receipt) number

| | Track It |
|---|---|

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



---

**HELPFUL LINKS**
Contact Us
Site Index
FAQs

**ON ABOUT.USPS.COM**
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

**OTHER USPS SITES**
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

**LEGAL INFORMATION**
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2016 USPS. All Rights Reserved.

**≡USPS.COM**®

---

# USPS Tracking®

Still Have Questions?
Browse our FAQs ›

Get Easy Tracking Updates ›
Sign up for My USPS.

---

Tracking Number: 70153430000080275748

## Product & Tracking Information

### Available Actions

Postal Product:                  Features:
                                 Certified Mail™



| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| October 18, 2016 , 6:53 am | In Transit to Destination | |

The item is currently in transit to the destination as of October 18, 2016 at 6:53 am.

| | | |
|---|---|---|
| October 17, 2016 , 6:12 pm | Departed USPS Facility | GAITHERSBURG, MD 20898 |
| October 16, 2016 , 4:53 am | Arrived at USPS Facility | GAITHERSBURG, MD 20898 |
| October 15, 2016 , 9:06 am | Departed USPS Facility | BOSTON, MA 02205 |
| October 15, 2016 , 1:41 am | Arrived at USPS Facility | BOSTON, MA 02205 |

*handwritten: 2016 2364*

---

## Track Another Package

Tracking (or receipt) number

[                                        ]   Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



---

| HELPFUL LINKS | ON ABOUT.USPS.COM | OTHER USPS SITES | LEGAL INFORMATION |
|---|---|---|---|
| Contact Us | About USPS Home | Business Customer Gateway | Privacy Policy |
| Site Index | Newsroom | Postal Inspectors | Terms of Use |
| FAQs | USPS Service Updates | Inspector General | FOIA |
| | Forms & Publications | Postal Explorer | No FEAR Act EEO Data |
| | Government Services | National Postal Museum | |
| | Careers | Resources for Developers | |

Copyright © 2016 USPS. All Rights Reserved.

13

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS. (BLS)

Superior Court Department
of the Trial Court
Civil Action No. 1684-CV-02364

EDMUND EDWARD WARD,            )

    Plaintiff,                 )

    v.                         )

BRUCE AWERBACH, ERNST J.       )
SCHAFER, M.D., ROBERT D.       )
SHAMBURAK, M.D., ALAN T.       )
REMSLEY, M.D., ALPHACORE       )
PHARMA, LLC, ASTRAZENECA       )
BIOPHARMACEUTICALS, INC.       )

*US Dist 16-cv-12543*

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on December 16, 2016, Defendants Robert D. Shamburak,

M.D. and Alan T. Remsley, M.D., by and through their attorney, Carmen M. Ortiz, United States

Attorney for the District of Massachusetts, filed a Notice of Removal of this action to the United

States District Court for the District of Massachusetts.  A certified copy of the Notice of

Removal is attached.

I HEREBY ATTEST AND CERTIFY ON

Dec. 30, 2016        , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *Margaret M. Sellon*

Asst. Clerk

CARMEN M. ORTIZ
United States Attorney

By:  *[signature]*

    Susan M. Poswistilo (BBO # 565581)
    Assistant U.S. Attorney
    United States Attorney's Office
    John Joseph Moakley U.S. Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA  02210
    (617) 748-3103
    susan.poswistilo@usdoj.gov

Dated: December 19, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true and correct copy of this document was served by mail on:

Edmund Edward Ward
21 Overlook Drive
Weston, MA 02480


Patrick T. Clendenen
Davis Malm & D'Agostine, P.C.
One Boston Place
Boston MA 02108


Mark S. Furman, Esq.
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue, 5th Floor
Prudential Center
Boston, MA 02199

Ellen Epstein Cohen, Esq.
Sarah A. Doucett, Esq.
Adler, Cohen, Harvey, Wakeman,
Guezguezian, LLP
75 Federal Street, 10th Floor
Boston, MA  02110


William Z. Zucker, Esq.
McCarter & English, LLP
265 Franklin Street
Boston, MA  02110



/s/

Susan M. Poswistilo
Assistant U.S. Attorney

Dated: December 19, 2016

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

I hereby certify on 12/18/16 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on 12/16/16
☐ original filed in my office on _____
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts

By: _Y. Franklin_
Deputy Clerk

|  |  |
|---|---|
| EDMUND EDWARD WARD, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| 1. BRUCE AUERBACH | ) |
| 2. ERNST J. SCHAEFER M.D. | ) |
| 3. ROBERT D. SHAMBUREK, M.D. | ) |
| 4. ALAN T. REMALY, M.D. | ) |
| 5. ALPHACORE PHARMA, LLC, | ) |
| 6. ASTRAZENECA BIOPHARRMACEUTICALS, INC. | ) |
| 7. MEDIMUNE, LLC. | ) |
|  | ) |
| Defendants. | ) |

Civil Action No.

**NOTICE OF REMOVAL**

**TO: THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1442 and 1446, Defendant Nos. (3) Robert D. Shamburek, M.D. and (4) Alan T. Remaley, M.D. ("Federal Defendants"), by their attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, hereby give notice of their removal of this lawsuit to the United States District Court for the District of Massachusetts. As grounds for the removal the Federal Defendants state that they were acting within the scope of their office or employment at the time of the incidents out of which the claims arose and therefore are entitled to remove the action pursuant to 28 U.S.C. § 2679(d)(2).

1

CARMEN M. ORTIZ
United States Attorney

By:     /s/ *Susan M. Poswistilo*
        Susan M. Poswistilo (BBO # 565581)
        Assistant U.S. Attorney
        United States Attorney's Office
        John Joseph Moakley U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3103
Dated: December 16, 2016            susan.poswistilo@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true and correct copy of this document was served by mail on:

Edmund Edward Ward
21 Overlook Drive
Weston, MA 02480

Patrick T. Clendenen
Davis Malm & D'Agostine, P.C.
One Boston Place
Boston MA 02108

Mark S. Furman, Esq.
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue, 5th Floor
Prudential Center
Boston, MA 02199

Ellen Epstein Cohen, Esq.
Sarah A. Doucett, Esq.
Adler, Cohen, Harvey, Wakeman,
Guezguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110

William Z. Zucker, Esq.
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110

                                    /s/
                                    Susan M. Poswistilo
Dated: December 16, 2016            Assistant U.S. Attorney

2

I hereby certify on 12/19/16 that the
foregoing document is true and correct copy of th
☑ electronic docket in the captioned case
☐ electronically filed original filed on_____
☐ original filed in my office on_____

Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts

By: _Y. Franklin_____
Deputy Clerk

## United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:16-cv-12543-FDS

Ward v. Shamburek et al
Assigned to: Judge F. Dennis Saylor, IV
Case in other court: Suffolk Superior Court, 1684-CV-02364
Cause: 28:1442 Petition for Removal

Date Filed: 12/16/2016
Jury Demand: None
Nature of Suit: 360 P.I.: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Edmund Edward Ward**      represented by **Edmund Edward Ward**
21 Overlook Drive
Weston, MA 02480
PRO SE

V.

**Defendant**

**MD Robert D. Shamburek**      represented by **Susan M. Poswistilo**
United States Attorney's Office
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210
617-748-3267
Fax: 617-748-3675
Email: susan.poswistilo@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**MD Alan T Remaley**      represented by **Susan M. Poswistilo**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/16/2016 | 1 | NOTICE OF REMOVAL by Alan T Remaley, Robert D. Shamburek ( Fee Status: US Government) (Attachments: # 1 Exhibit, # 2 Exhibit, Civil Cover Sheet # 3 Exhibit, Category Form)(Poswistilo, Susan) (Attachment 2 replaced on 12/16/2016) (Franklin, Yvonne). (Entered: 12/16/2016) |
| 12/19/2016 | 2 | ELECTRONIC NOTICE of Case Assignment. Judge F. Dennis Saylor, IV assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge M. Page Kelley. (Abaid, Kimberly) (Entered: 12/19/2016) |
| 12/19/2016 | 3 | Certified Copy of Notice of Removal Provided to Defense Counsel by mail. (Franklin, Yvonne) (Entered: 12/19/2016) |