UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDMUND EDWARD WARD,<br><br>Plaintiff,<br><br>v.<br><br>1. BRUCE AUERBACH<br>2. ERNST J. SCHAEFER M.D.<br>3. ROBERT D. SHAMBUREK, M.D.,<br>4. ALAN T. REMALEY, M.D.<br>4. ALPHACORE PHARMA, LLC,<br>5. ASTRAZENECA BIOPHARMACEUTICALS, INC.<br>6. MEDIMUNE, LLC.<br><br>Defendants. | Civil Action No.<br>16-12543-FDS |

FEDERAL DEFENDANTS', ROBERT D. SHAMBUREK, M.D. AND
ALAN T. REMALY, M.D., REPLY TO PLAINTIFF'S
OPPOSITION TO THEIR MOTION TO SUBSTITUTE

Defendants, Robert D. Shamburek, M.D., and Alan T. Remaly, M.D. ("Federal Defendants"), by their attorney, William D. Weinreb, Acting United States Attorney for the District of Massachusetts, hereby submit their response to the Opposition of the Plaintiff, Edmund Edward Ward, to the Motion to Substitute the United States (Docket No. 33).

STATEMENT OF THE CASE

Plaintiff, Edmund Edward Ward ("Ward") suffers from a rare genetic deficiency of lecithin-cholesterol acyltransferase ("LCAT"). The allegations contained in his complaint allege that he suffered injuries as a result of his participation in a compassionate use clinical trial relating to his LCAT conducted by defendant AlphaCore Pharma, LLC, in collaboration with the National Institutes of Health ("NIH"). Complaint, ¶¶ 15, 20 (Docket No. 33). He alleges that

the Federal Defendants, in conjunction with the other non-federal defendants, misled him to participate in the trial by, *inter alia,* failing to provide informed consent, and failing to disclose alleged financial motives. *See e.g*, Complaint, ¶ 33, 35 (Docket No. 27)

Ward asserts the following claims in his complaint: (1) Fraud in the Inducement, Deceit and Intentional Misrepresentation (Count I); (2) Breach or Lack of Informed Consent (Count II); (3) Unjust Enrichment (Count III); (4) Violation of the Due Process Clause of the U.S. Constitution, The Nuremburg Code and the Massachusetts Constitution and Declaration of Rights (Count IV); (5) Violation of the Massachusetts Civil Rights Act (Count V); and (6) Civil Conspiracy (Count VI). Complaint, pp. 19, 21-25 (Docket No. 27-1).

Given the nature of Ward's claims, the Federal Defendants filed a Motion to Substitute the United States as the proper party to this action, pursuant to 28 U.S.C. § 2679(d)(2). (Docket No. 33). Ward opposes this motion, claiming that his primary claim arises under the due process clause of the U.S. Constitution, as the Federal Defendants allegedly failed to provide Ward with information necessary for him to make an informed consent, which, Ward argues, resulted in a constitutional violation of his liberty. He alternatively argues that he is entitled to pre-hearing discovery and a hearing. As set forth below, Ward is incorrect, and the Motion to Substitute the United States as the proper party should be granted.

## ARGUMENT

The Motion to Substitute Should Be Granted Because Ward is
Not Entitled to Discovery and Has Not Stated a Valid Constitutional Claim

1. Ward's Tort and Other Claims

It is well-established that the United States is immune from suit unless it has expressly consented to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) ("The United States as a sovereign can be haled into court only if it consents to be sued."); *Skwira v. United States*, 344 F.3d 64, 72-73 (1st Cir. 2003) ("It is 'elementary' that the United States, as sovereign, is immune from suit unless it has consented to be sued."). "A waiver of sovereign immunity must be unequivocally expressed in statutory text." *FAA v. Cooper*, 566 U.S. 284, 290 (2012); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992); *United States v. King*, 395 U.S. 1, 4 (1969). Without an express waiver of sovereign immunity, the court lacks subject-matter jurisdiction over the plaintiff's claims. *Mitchell*, 445 U.S. at 538; *Merlonghi*, 620 F.3d at 58 (dismissing for lack of subject matter jurisdiction because FTCA only waives immunity when federal employee acted within the scope of his employment); *Farlaino v. United States*, 108 F.3d 1388 (10th Cir. 1997) (unpublished decision) ("It is similarly well established that 'the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'").

The FTCA provides a limited waiver of the Government's sovereign immunity, subjecting the United States to suit in tort under certain conditions. 28 U.S.C.A. §§ 1346, 2671-2680. Under the FTCA, the United States consents "to be sued for damages for personal injury caused by 'the negligent or wrongful act or omission' of a federal employee 'while acting within the scope of his employment,' if under the same circumstances a private employer would be liable for the acts of his employee under the local law." *Diaz–Romero v. Mukasey*, 514 F.3d 115,

118 (1st Cir. 2008) (citing and quoting 28 U.S.C. §§ 1346(b), 2674 & 2675(a)). "As with all waivers of sovereign immunity, the FTCA must be construed strictly in favor of the federal government, and must not be enlarged beyond such boundaries as its language plainly requires." *Bolduc v. U.S.*, 402 F.3d 50, 56 (1st Cir. 2005) (quoting *United States v. Horn*, 29 F.3d 754, 762 (1st Cir. 1994)).

When a federal employee is named as a defendant, the Westfall Act, 28 U.S.C., § 2679(d)(2), provides that any such case should be removed and the United States subsequently substituted as the defendant. Specifically, the statute states:

> *Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment* at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and *the United States shall be substituted as the party defendant*.

28 U.S.C. § 2679(d)(2) (emphasis added). Pursuant to 28 C.F.R. § 15.4, the United States Attorney is authorized to certify that the defendant was a federal employee acting within the scope of employment at the time of the incident. 28 C.F.R. § 15.4. In this case, Acting United States Attorney William D. Weinreb, did just that. (*See* Docket No. 33-1).

Here, there is no question that the Federal Defendants were federal employees employed as NIH physicians, and as NIH employees, they are part of the Public Health Service. Complaint, at ¶¶ 4-5 (Docket No. 27); 42 U.S.C. § 203. The certification issued by the acting U.S. Attorney provides that they were both acting within the scope of their employment. (Docket No. 33-1). Such a certification under the Westfall Act is prima facie evidence of the fact that a federal employee acted within the scope of his or her employment and substitution is appropriate. *See*

*Jacobs v. Vrobel*, 724 F.3d 217, 220 (D.C. Cir. 2013). "[The certification] carries a rebuttable presumption that the employee has absolute immunity from the lawsuit and that the United States is to be substituted as the defendant." *Wilson v. Libby*, 535 F.3d 697, 711 (D.C. Cir. 2008).

Recognizing that the "traditional understanding" is executive determinations are generally subject to judicial review, the Supreme Court interpreted the Westfall Act in the same manner and authorized federal courts to review them. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 425, 434 (1995) ("Congress, when it composed the Westfall Act, legislated against a backdrop of judicial review"). Indeed, a federal employee may be re-substituted if it can be shown that the employee was acting outside the scope of employment, a determination made according to applicable state law. *Davric Marine Corp. v. U.S. Postal Service*, 238 F.3d 58, 65 (1st Cir. 2001) (citing *Aversa v. United States*, 99 F.3d 1200, 1208 (1st Cir. 1996)). Where a plaintiff such as Ward "asserts that a defendant acted outside the scope of his or her employment despite the Attorney General's certification to the contrary, the burden of proof is on the plaintiff." *Davric*, 238 F.3d at 66.[1] Indeed, it is Ward's burden to produce evidence that the United States should not be substituted, not the United States' to show that the substitution is proper, and he is incorrect when he asserts that the United States has not presented sufficient evidence that the Federal Defendants had acted within the scope of their employment.

Even though he has not met his burden of proof, Ward requests discovery. However, limited discovery for a Westfall certification is only permitted "when a plaintiff 'allege[s]

---

[1] Here, Ward assumes that Maryland law applies to the scope of employment question, and for purposes of this memorandum only, the Federal Defendants will not argue otherwise. The Federal Defendants do not concede this. On the one hand, Ward argues Maryland law, but on the other, he claims violations of the Massachusetts constitution. In Maryland, "the general test set forth . . . for determining if an employee's tortious acts were within the scope of employment is whether they were in furtherance of the employer's business and were 'authorized' by the employer." *Sawyer v. Humphries*, 587 A.2d 467, 470 (Md. 1991).

sufficient facts that, taken as true, would establish the defendant['s] actions exceeded the scope of [his] employment." *Wuterich v. Murtha*, 562 F.3d 375, 378 (D.C. 2009) (quoting *Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003)). A review of Plaintiff's complaint shows that he did not.

It is clear from the allegations of the Complaint that Ward has not carried his burden of demonstrating that the Federal Defendants exceeded and acted outside their scope of employment with NIH. The Complaint unequivocally established NIH's involvement in the clinical trial. In fact, Ward flew from Massachusetts to NIH headquarters in Maryland on various occasions over the course of the trial. Complaint, at ¶ 38 (Docket No. 27) and ¶ 58 (Docket no. 27-1). Additionally, Ward was provided with a consent form to review and sign, detailing the specifics of the clinical trial, which was presented by NIH. *Id.*, at ¶ 29. At no point within the Complaint did Ward contest the fact that the trial was organized and operated by NIH. *See id.*, at ¶ 22.

Even though Ward disputes the claims that the Federal Defendants allegedly told him about the drug's effectiveness in reversing his kidney failure, and allegedly failed to disclose their personal financial interests in the trial, these issues do not impact a finding that they were still acting within the scope of their employment. *See id*., at ¶¶ 22, 45. The Federal Defendants were seeking to utilize information obtained through the trial on the potential benefits of ACP-501. *See id.*, at ¶¶ 14-16, 19-23. Given the official nature of the clinical trial, held out as the work of NIH, with the consent of NIH, the Complaint does not set forth any facts that suggest that the Federal Defendants acted outside the scope of their employment. Therefore, Ward is unable to bear his burden of showing sufficient facts to rebut the presumption created through

the acting U.S. Attorney's certification. Accordingly, his request for discovery on scope of employment should be denied.

2. Ward's Alleged *Bivens'* Claim is Actually a Tort Claim for which the United States is Properly Substituted

In his opposition, Ward correctly recognizes that the FTCA excludes claims brought under the U.S. Constitution, and that any such claims should be brought under *Bivens*. Opposition, page 4 (Docket No. 38). He then states that, here, his primary claims are constitutional.[2] He argues that the constitutional claim in this action stems from a "deprivation of liberty interests, his right to bodily integrity, and the freedom to care for one's health and person," and that such liberty interests "should be examined under the auspices of the Nuremberg Code." *Id.*

Despite Plaintiff's attempt to couch these claims as arising under the U.S. Constitution, they in fact sound in tort, or, perhaps, contract. There is no question that a lack of informed consent, which is unquestionably the crux of Plaintiff's complaint, is one arising from negligence under either Maryland or Massachusetts law. *See Harnish v. Children's Hospital Medical Center,* 387 Mass. 152 (1982), 155, 439 N.E.2d 240, 243 (under Massachusetts law, failure to provide sufficient information constitutes malpractice). *McQuitty v. Spangler*, 410 Md. 1, 28 (2009), 976 A.2d 1020, 1036-1037 ("we repeatedly and explicitly have held that lack of informed consent sounds in 'negligence, as opposed to battery or assault'"); *Sard v. Hardy*, 281 Md. 324, 434 (1977), 379 A.2d 1014, 1017 (approving the "prevailing" view that a claim under the informed consent doctrine is a tort, not battery or assault).

Ward asserts that his liberty interests "should be examined under the auspices of the Nuremberg Code." Opposition, p. 4. The Nuremberg Code, however, does not provide Ward

---

[2] Presumably, Plaintiff is referring only to Count IV of the complaint (U.S. Constitution/Nuremberg Code/Massachusetts Constitution). The movants note that Ward's reference to the Massachusetts Constitution does not constitute an actionable *Bivens* claims.

with a constitutional claim. Ward appears to argue that the conduct of the clinical trial did not fulfill the voluntary consent standard and that because of this, the Federal Defendants violated the principles of the Code and, as such, Ward's constitutional rights. *Id.* at 4-7. However, in a case that considered an informed consent issue, the Maryland Court of Appeals concluded that Nuremberg Code principles should be analyzed within the context of either a negligence or contractual claim. *See Grimes v. Kennedy Krieger Institute, Inc.*, 366 Md. 29 (2001), 782 A.2d 807. In *Grimes*, the Maryland Court of Appeals struggled with the issue of whether informed consent was sufficient in a nontherapeutic study where healthy children were subjected to the effects of lead paint dust. In its analyses, the majority of the Court advocated for a more widespread acceptance and use of the Code in the legal context, and noted that the Code "should be the preferred standard for assessing the legality of scientific research on human subjects." *Grimes*, 782 A.2d. at 835. It analyzed closely the consent form presented to the *Grimes* plaintiffs and eventually determined that summary judgment was inappropriate because, depending on the facts, a duty of care could exist that could create a special relationship, giving rise to either a tort or contract claim. *Grimes*, 782 A.2d at 858. The lone concurrence in *Grimes* also based its decision on the consent form and agreed with the majority that a special relationship could be created, giving rise to a tort action. It suggested that the majority should not have considered the contractual question, given that the question was not raised by the parties. *Id.* at 115. Regardless, for purposes of the instant case, the fact is that the Nuremberg Code did not create a constitutional claim that enables Ward to maintain an action against the Federal Defendants.[3]

[3] To the extent that the Court finds that Ward has pled a constitutional claim against the Federal Defendants, they note that such a claim is not covered by the Westfall Act, *see* 28 U.S.C. § 2679(b)(2)(A), but that such a claim would be precluded by 42 U.S.C. § 233(a). *See Hui v. Castaneda*, 559 U.S. 799, 802 (2010).

CONCLUSION

Based upon the foregoing, and upon the U.S. Attorney's certification and the Westfall Act, the United States motion for substitution should be granted, and Ward's request for discovery denied.

WILLIAM D. WIENREB
Acting United States Attorney

By: /s/
Susan M. Poswistilo (BBO No. 565581)
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3103
susan.poswistilo@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Susan M. Poswistilo*
Susan M. Poswistilo
Assistant United States Attorney

Date: