UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDMUND EDWARD WARD,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE AUERBACH, ERNST J. SCHAEFER, M.D., ROBERT D. SHAMBUREK, M.D., ALAN T. REMALEY, M.D., ALPHACORE PHARMA, LLC, ASTRAZENECA BIOPHARMACEUTICALS, INC.; and MEDIMMUNE, LLC,<br><br>Defendants. | Civil Action No.: 1:16-CV-12543 |

**Plaintiff Edmund Edward Ward's Motion for Permission to Notice and to Take the Deposition of Edmund Edward Ward**

The Plaintiff, Edmund Edward Ward, respectfully moves under Fed. R. Civ. P. Rule 30(a)(2)(A) for leave to notice and to take the deposition of Edmund Edward Ward ("Mr. Ward"), by audiovisual recording, in order to preserve his testimony for trial of this action. Mr. Ward's current medical condition is (at best) fragile. As the Plaintiff in this matter, Mr. Ward's testimony and the facts and the series of events comprising his claims are critical to the adjudication of this case. In support of this motion, the Plaintiff states as follows:

    I.    **Mr. Ward seeks leave of the court to take his deposition**

Under Fed. R. Civ. P. Rule 30(a)(2)(A)(iii) "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if … the party seeks to take the deposition before the time specified in Rule

1

833229.1

26(d)." Under Fed. R. Civ. P. Rule 26(d) "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." As such, because Plaintiff seeks to take the deposition prior to the time set forth in Rule 26, Plaintiff hereby requests leave of the court to notice and to take the deposition of the Mr. Ward. This case was removed by Defendants from the Massachusetts Superior Court on December 16, 2016. [Dkt. 1]. No scheduling conference has yet occurred or has been set by the Court.

Plaintiff's counsel hereby requests that he be permitted to take the deposition of Mr. Ward prior to the time specified in Rule 26 due to Mr. Ward's serious medical condition. Mr. Ward was born with a rare genetic deficiency of a bloodstream enzyme, lecithin-cholesterol acyltransferase (LCAT). In addition to other health complications, Mr. Ward has stage 5 kidney failure. As a result, Mr. Ward currently must undergo dialysis treatments three times a week. Moreover, given the intensity and frequency of these treatments, in addition to Mr. Ward's debilitating condition, Mr. Ward is fatigued and weak. A deposition under controlled circumstances is necessary in order to preserve his testimony before he loses the strength and ability to testify.

As set forth by the First Circuit, "[u]nder Rule 26, the trial court is required to balance the burden of proposed discovery against the likely benefit." Gill v. Gulfstream Park Racing Ass'n., Inc., 399 F.3d 391, 400 (1st Cir. 2005). As applied to the case at hand, given the significance of Mr. Ward's testimony as the Plaintiff

in this case, the inability to depose Mr. Ward would be extremely prejudicial and harmful to Plaintiff's case. As such, in light of Mr. Ward's declining health, the taking and preserving of his deposition is a proper basis for relief under Rule 26(d). The interests of justice and fairness to all parties support the Court in granting the Plaintiff leave to take and preserve the deposition of Mr. Ward by audiovisual means.

WHEREFORE, in accordance with Fed. R. Civ. P. 30(a)(2), the Plaintiff respectfully requests this Honorable Court to GRANT his motion for permission to notice and to take the audiovisual deposition of Edmund Edward Ward, at a reasonable date and time, and under reasonable conditions, agreeable by the parties.

Respectfully Submitted,
EDMUND EDWARD WARD,
By his attorneys,

/s/ Patrick T. Clendenen
Patrick T. Clendenen, BBO# 564165
DAVIS MALM & D'AGOSTINE, P.C.
One Boston Place, 37th Floor
Boston, MA  02108
(617) 367-2500
pclendenen@davismalm.com

## Local Rule 7.1 Certification

The undersigned counsel certifies that he emailed counsel for the Defendants by email in a good faith effort to resolve or narrow the issues raised by this Motion. No agreement was reached.

/s/ Patrick T. Clendenen
Patrick T. Clendenen
BBO # 56416

3

833229.1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 8, 2017.

/s/ Patrick T. Clendenen
Patrick T. Clendenen