UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDMUND EDWARD  WARD,                                      )<br>Plaintiff                               )<br>                                                                       )<br>V.                                                                    )<br>                                                                       )<br>1. BRUCE AUERBACH,                                       )<br>2. ERNST J. SCHAEFER, M.D.,                            )<br>3. ROBERT D. SHAMBUREK, M.D.,                    )<br>4. ALAN T. REMALEY, M.D.,                              )<br>5. ALPHACORE PHARMA LLC,                            )<br>6. ASTRAZENECA BIOPHAMACEUTICALS, INC.,   )<br>7. MEDIMMUNE LLC                                          )<br>                              Defendants.                     )<br>                                                                       ) | CIVIL ACTION NO.<br>1:16-cv-12543-FDS |

**OPPOSITION OFDEFENDANT, ERNST SCHAEFER, M.D.,
TO PLAINTIFF'S MOTION FOR PERMISSION TO NOTICE AND
TAKE THE AUDIO-VISUAL DEPOSITION OF EDMUND EDWARD WARD**

Defendant Ernst Schaefer, M.D. ("Dr. Schaefer" or "Defendant") hereby submits this Opposition to the Plaintiff's Motion for Permission to Notice and Take the Deposition of Edmund Edward Ward. The Plaintiff's Motion to Notice and Take the Deposition of Mr. Ward should be denied because it is premature at this stage of litigation and would be prejudicial to the defendants. In support of this Opposition, the Defendant relies on the following.

**Relevant Facts**

This is a medical malpractice action in which the Plaintiff alleges that the Defendant was negligent in the medical care and treatment he provided to Edmund Ward from 2012 through 2013, and as a result Mr. Ward allegedly suffered serious and permanent bodily injury, deteriorating health, diminished life expectancy, bodily pain and mental anguish. The Plaintiff further alleges that Dr. Schaefer led the Plaintiff to believe

that participating in a trial of ACP-501 (a new drug trial) would effectively reverse his advanced kidney disease caused by his LCAT deficiency, and further alleges that Dr. Schaefer provided medical supervision of the ACP-501 trial.

The Plaintiff filed his Complaint on or about July 28, 2016 in the Suffolk Superior Court. On November 16, 2016, Dr. Schaefer Answered the Complaint and filed a Notice for the Taking of Deposition of Mr. Ward on June 14, 2017. On December 16, 2016, this case was removed from the Suffolk Superior Court to the United States District Court for the District of Massachusetts, where it is now pending. Following the removal of this case, the deposition of Mr. Ward was cancelled in light of Rule 26.2 of the Local Rules for the District of Massachusetts, as discovery may not be initiated until the parties comply with Fed. R. Civ. P. 26(a)(1).  While numerous motions have been filed, by and between the co-defendants and plaintiff, argued by counsel and ruled upon by the Court, as of this time no Scheduling Conference has yet occurred and discovery has not been exchanged between Parties.

After this case was removed to federal court, numerous pleadings were filed with the court regarding co-defendants Motions to Dismiss and Motions to Substitute the United States as a party to this action. See United States District Court Docket, File Ref. Nos. 15-58, attached hereto as **Exhibit A**. On August 25, 2017, the Defendant filed a Motion to Transfer the case to Superior Court for a Medical Malpractice Tribunal, which has yet to be ruled on (Docket No. 59). Further, as of this time Plaintiff's counsel has not provided the Offer of Proof of any expert letter to support the allegations of medical negligence in this case, which Offer will be required for the Tribunal.

2

## Argument

### I.    The Plaintiff's Motion to Notice and Take the Deposition of the Plaintiff Should Be Denied as Premature and Prejudicial to the Defendant

The Plaintiff's Motion for Permission to Notice and to take the Deposition of Mr. Ward should be denied, as it is premature at this stage of the litigation. Under Rule 26.2 of the Local Rules for the District of Massachusetts, discovery may not be initiated until the parties comply with Fed. R. Civ. P. 26(a)(1), which requires the Parties to provide an Initial Disclosure outlining those individuals likely to have discoverable information, copies of all documents that may be used to support its claims or defenses, a computation of damages and any pertinent insurance agreements. This initial disclosure is required within 14 days after the parties' Rule 26(f) conference ("Scheduling Conference") unless a different time is set by stipulation or court order. At this time, a Scheduling Conference has not occurred or been set by the Court.

Since a Scheduling Conference has yet to occur, the parties remaining in this case have not yet exchanged their automatic discovery disclosures, and have not yet served interrogatories or requests for the production of documents. As such, discovery has yet to be exchanged in this case and the deposition of Mr. Ward, initially noticed for June 14, 2017, was postponed. However, both the Federal Rules of Civil Procedure (Fed. R. Civ. P. 33 and 34) and the Local Rules for the District of Massachusetts (Rules 33.1 and 34.1), permit serving interrogatories and requests for the production of documents on the other parties in the suit. Once discovery is exchanged, the parties will need time to review the respective answers, review the Plaintiff's extensive medical records and take a discovery deposition of the Plaintiff before the Plaintiff's Attorney can proceed with the audiovisual recording deposition of his own client.

3

The Defendant has also been diligently working to obtain a complete set of the Plaintiff's voluminous medical records. While counsel for the Defendant has been able to obtain a significant number of records, we do not yet have a complete set of Mr. Ward's medical records. Specifically, counsel for the Defendant has been working extensively with the National Institute of Health to acquire Mr. Ward's records from the trial at issue in this case but have not been successful at this time. The Defendant will continue to work diligently to acquire these records via the NIH or through the exchange of discovery but will need to perform an extensive review of the materials once they are acquired and before a deposition of Mr. Ward should occur as these records are vital to understanding what occurred in this case.

The Defendant also has not yet had a Tribunal hearing, to which he is statutorily entitled under Massachusetts General Laws c. 231, § 60B. Under M.G.L. c. 231, § 60B, a Tribunal "shall determine if the evidence presented, if properly substantiated, is sufficient to raise a question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result." The purpose of the medical tribunal is to review and weed out cases lacking merit before the defendant is required to invest time and money to defend the case. To date, a medical Tribunal has not been scheduled or occurred in this case, and the Defendant's Motion to Transfer to Superior Court to Convene a Medical Malpractice Tribunal has yet to be ruled upon.

If this Motion to allow Plaintiff to memorialize his own testimony at this time is granted, it would be prejudicial to the Defendants. Defendants would be forced to attend and question Mr. Ward without the benefit of a complete set of his medical records, and without the exchange of written discovery or disclosures. Further, counsel

4

for Dr. Schaefer would have to question Mr. Ward without knowing the content of Plaintiff's expert letter (if any), and without Plaintiff providing any evidence that Mr. Ward has a legitimate case that would survive a Medical Malpractice Tribunal.

In light of the fact that the parties' initial disclosures have not been made, no written discovery has occurred to date, and the Defendant has yet to have his statutorily required Medical Malpractice Tribunal hearing, it is premature and prejudicial for the Plaintiff to take his own deposition by audiovisual recording and the Plaintiff's Motion for Permission to Notice and to Take the Deposition of the Plaintiff should be denied.

## II. The Plaintiff's Motion to Notice and Take the Deposition of the Plaintiff Should be Denied as No Urgent Reason has been Provided, and no Support Presented for this Position

Counsel for the Plaintiff argues that he should be allowed to take the deposition of his client due to Mr. Ward's serious medical condition, including LCAT deficiency and Stage 5 kidney failure. The Plaintiff argues that Mr. Ward's debilitating condition indicates that a deposition now, under controlled circumstances, is necessary to preserve his testimony. In support of this argument, the Plaintiff argues only that Mr. Ward undergoes dialysis treatment three times per week causing him to be fatigued and weak.

The Defendant does not question Mr. Ward has an LCAT deficiency, nor does Defendant question that Mr. Ward has long undergone dialysis because of this, as evidenced by his medical records. Mr. Ward, however, has been LCAT deficient since birth (as Plaintiff acknowledges in paragraph 9 of his Complaint, attached hereto as **Exhibit B**), and was sick at the time he filed his Complaint on July 28, 2016. Further, Mr. Ward has been undergoing dialysis since 2013 (see **Exhibit B**, p. 59). In short, the

5

Plaintiff has been sick and undergoing treatment for a long time.  Yet, the Plaintiff has provided no reason why the deposition must be taken at this time.  Further, Plaintiff has not submitted anything that would support the assertion that the plaintiff's health and ability to be deposed is at such an imminent risk that an audiovisual deposition must occur immediately by Mr. Ward's own counsel, before the Defendant has had the benefit of discovery and receipt of the complete medical records. Specifically absent from Plaintiff's Motion is reference to any medical record, or even a treating physician's Affidavit, to justify going forward with the deposition at this time.  As a result, not only would a deposition of the Plaintiff at this time be premature and prejudicial to the defendants, who continue to await discovery and medical records of the Plaintiff, but no justification (other than Plaintiff's preference) or support for doing do has been provided to the Court.

The Plaintiff filed his complaint on July 28, 2016, more than a year before this motion was filed and since that time, has not made reference to Mr. Ward's worsening medical condition as a need to pursue discovery more quickly, nor has Plaintiff taken any action to expedite discovery. Instead, the Plaintiff has engaged in extensive motion practice against co-defendants.  Further, the Plaintiff voluntarily personally attended the hearing on the Motions to Dismiss on March 15, 2017 at the Moakley Courthouse in Boston, Massachusetts, even though his presence was not required. The Plaintiff has provided no evidence that his health is a more imminent risk now than it was when this suit was filed, or when he came to court a few months ago, such that it would warrant allowing the Plaintiff's counsel to take his own client's deposition by audiovisual recording at this time.

## Conclusion

WHEREFORE, Defendant Ernst Schaefer, M.D. requests that the Court Deny the Plaintiff's Motion for Permission to Notice and Take the Deposition of Mr. Ward by audiovisual recording at this time as it is both premature and prejudicial to the defendants.

Respectfully submitted by,
Defendant, ERNST J. SCHAEFER, M.D.,
By his attorney,

/s/ Ellen Epstein Cohen
Ellen Epstein Cohen, BBO #543136
Adler | Cohen | Harvey | Wakeman | Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110
(617) 423-6674
ecohen@adlercohen.com

Respectfully submitted by,
Defendant, ERNST J. SCHAEFER, M.D.,
By his attorney,

/s/ Sarah A. Doucett
Sarah A. Doucett, BBO #693659
Adler | Cohen | Harvey | Wakeman | Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110
(617) 423-6674
sdoucett@adlercohen.com

## **CERTIFICATE OF SERVICE**

I, Sarah A. Doucett, hereby certify that on September 19, 2017, this document was filed with the ECF system to be electronically served upon all registered participants as identified on the Notice of Electronic Filing.


Dated:  September 19, 2017          /s/ Sarah A. Doucett
                                    Sarah A. Doucett