UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDMUND EDWARD WARD,<br><br>          Plaintiff,<br><br>v.<br><br>BRUCE AUERBACH, ERNST J. SCHAEFER, M.D., ROBERT D. SHAMBUREK, M.D., ALAN T. REMALEY, M.D., ALPHACORE PHARMA, LLC, ASTRAZENECA BIOPHARMACEUTICALS, INC.; and MEDIMMUNE, LLC,<br><br>          Defendants. | Civil Action No.: 1:16-CV-12543<br><br>May 11, 2018 |

**PLAINTIFF EDMUND EDWARD WARD'S MOTION TO COMPEL**

Under Fed. R. Civ. P. 37 and D. Mass. L.R. 37, Plaintiff Edmund Edward Ward ("Plaintiff" or "Mr. Ward"), respectfully moves this Court to order the Defendant, Ernst J. Schaefer, M.D., to comply with Mr. Ward's First Request for Production of Documents dated January 18, 2018. With ample time to respond, and because Dr. Schaefer has failed to comply with this request – or even serve responses and objections – Mr. Ward also asks this Court to impose sanctions under Fed. R. Civ. P. 37(a)(3)(A).

On January 18, 2018, Mr. Ward served his First Requests for Production of Documents on Defendant Ernst J. Schaefer, M.D. *See* (Exhibit A). On March 23, 2018, Mr. Ward through counsel provided Dr. Schaefer with an extension of time to and through April 19, 2018 to respond and produce documents and ESI. *See* (Exhibit B). On April 20, 2018, the date of the Massachusetts Medical Malpractice Tribunal Hearing, counsel conferred and Dr. Schaefer's counsel offered no reason, other than Dr. Schaefer's conference travel schedule, for the failure to respond and

to produce. As of today, Dr. Schaefer has still failed and refused to respond and produce.

I. **Legal Standard**

Under Fed. R. Civ. P. 34(b)(2)(A), "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Also, under Fed. R. Civ. P. 37(a)(3)(B)(iv)

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B)(iv).

In determining the appropriate sanction for a failure to respond to a discovery request, the Court should "consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." *United States v. Pfizer, Inc.*, 188 F. Supp. 3d 122, 136 (D. Mass. 2016) (internal quotations omitted). Possible sanctions include, but are not limited to, striking pleadings, dismissing proceedings, finding a party in contempt of court, and ordering the disobedient party or its attorney to pay the reasonable expenses, including attorney's fees, caused by the failure to comply. *Id.*

When determining which sanctions are warranted, the Court should consider the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness of the misconduct, mitigating excuses, prejudice to a party and to the operations of the court, and the adequacy of lesser sanctions. *Zhuang v. Saquet*, 303 F.R.D. 4, 7 (D. Mass. 2014).

Finally, under Local Rule 34.1(c)(1), "[a]ny ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived."

## II.     Argument

Mr. Ward served his First Request for Production of Documents on January 18, 2018. Accordingly, under Fed. R. Civ. P. 34(b)(2)(A), Dr. Schaefer had until February 19, 2018 to respond. As of today—nearly four months after Mr. Ward served his requests for production—Dr. Schaefer has failed to respond. Dr. Schaefer therefore should first therefore be ordered to respond and to produce immediately.

In addition, when applying the factors outlined in *Zhuang* to this case, sanctions are appropriate. Dr. Schaefer's responses to Mr. Ward's discovery are long overdue. Further, Dr. Schaefer has not provided any legitimate reason for his failure to respond to Mr. Ward's requests for production. Dr. Schaefer's actions should also be considered deliberate in the face of the generous extension of time provided.

This Court should second issue an order barring Dr. Schaefer from objecting to any request for production contained in Mr. Ward's First Request for Production of Documents. As stated above, Local Rule 34.1(c)(1) provides that all untimely objections shall be deemed waived. Under the circumstances presented here, Dr. Schaefer has waived all objections to Mr. Ward's First Request for Production of Documents. Finally, this Court should award reasonable attorney's fees as an additional sanction.

## III.    Conclusion

Dr. Schaefer has had ample time to respond to Mr. Ward's discovery and has failed to do so. It is, therefore, appropriate for the Court to order Dr. Schaefer to

comply with the discovery requests and to impose sanctions. The sanctions requested—an order barring objections and deeming all objections waived and reasonable attorney's fees—are appropriate under the circumstances.

Respectfully Submitted,

EDMUND EDWARD WARD.

By his attorneys,

_/s/ Patrick Clendenen_
Patrick T. Clendenen (BBO #564165)
Clendenen & Shea, LLC
400 Orange Street
New Haven, CT 06511
203-787-1183 (telephone)
203-787-2847 (facsimile)
ptc@clenlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on the date below I electronically filed this Motion to Compel using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record in this matter as identified on the Notice of Electronic Filing (NEF) on this 11th day of May, 2018.

AND

### D. MASS. L.R. 37.1 CERTIFICATION

I hereby certify that I have complied with the provisions of Local Rule 37.1 by reference to the email exchange attached as Exhibit B and with an in-person discovery conference on Friday, April 20, 2018 at approximately 12 pm at the Middlesex County Superior Court, Woburn, MA, with opposing counsel, Sarah A. Doucett, Esq.

_/s/ Patrick Clendenen_
CLENDENEN & SHEA, LLC