# EXHIBIT A

# Patrick Clendenen

| | |
|---|---|
| **From:** | Patrick T. Clendenen |
| **Sent:** | Thursday, January 18, 2018 4:38 PM |
| **To:** | 'Ellen Epstein Cohen'; Sarah A. Doucett (SDoucett@adlercohen.com) |
| **Cc:** | Susan M. Poswistilo (susan.poswistilo@usdoj.gov); William A. Zucker (wzucker@mccarter.com); 'Mark S. Furman' |
| **Subject:** | Ward v. Auerbach et al., No. 1:16CV12543 (D. Mass.) |
| **Attachments:** | Edmund Edward Ward.pdf |

Dear Attorneys Cohen & Doucett ~ Please see the attached. Thank you.

Sincerely yours,

Pat

1



## DAVIS MALM & D'AGOSTINE P.C.
ATTORNEYS AT LAW

Patrick T. Clendenen

January 18, 2018

VIA FIRST CLASS MAIL & ELECTRONIC MAIL

Ellen Epstein Cohen, Esq.
Sarah A. Doucett, Esq.
Adler, Cohen, Harvey, Wakeman, Guekguezian LLP
75 Federal Street
10th Floor
Boston, MA  02110

Re:   Edmund Edward Ward v. Bruce Auerbach, et al.
      Civil Action No. 1:16-CV-12543

Dear Attorneys Cohen and Doucett:

Enclosed is Plaintiff Edmund Edward Ward's First Request for Production of Documents to Defendant Ernst J. Schaefer, M.D.  Please contact me should you wish to discuss and agree upon an electronic discovery search protocol and plan.

Sincerely yours,

Patrick T. Clendenen

PTC:mln

cc:   Susan M. Poswistilo, Esq.
      William A. Zucker, Esq.
      Mark S. Furman, Esq.

Enclosure

*direct* 617-589-3878 *direct fax* 617-305-3178
*email* pclendenen@davismalm.com

ONE BOSTON PLACE • BOSTON • MA • 02108
617·367·2500  •  *fax* 617·523·6215
w w w . d a v i s m a l m . c o m

849898.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDMUND EDWARD WARD,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BRUCE AUERBACH, ERNST J. SCHAEFER, M.D., ROBERT D. SHAMBUREK, M.D., ALAN T. REMALEY, M.D., ALPHACORE PHARMA, LLC, ASTRAZENECA BIOPHARMACEUTICALS, INC.; and MEDIMMUNE, LLC,<br><br>　　　　　Defendants. | Civil Action No.: 1:16-CV-12543 |

**Plaintiff Edmund Edward Ward's First Request for Production of
Documents to Defendant Ernst J. Schaefer, M.D.**

Under Fed. R. Civ. P. 34 and Local Rules 26.5 and 34.1, Plaintiff, Edmund Edward Ward ("Mr. Ward"), requests that the Defendant, Ernst J. Schaefer, M.D. ("Dr. Schaefer"), hereby respond to the following Requests for Production of Documents, hereby search manually, independently and electronically for, and produce for inspection and copying, the following documents and things within thirty (30) days for production at the office of undersigned counsel. The following Instructions and Definitions govern these Requests for Production of Documents.

849040.1

## INSTRUCTIONS

1. Under Fed. R. Civ. P. 26(b)(5)(A), if any information that is otherwise discoverable to these Requests for Production is withheld under to a claim of privilege or protection, you are required to: (a) expressly make the claim and (b) describe the nature of each document, communication, or tangible thing not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Such description should include, at a minimum, a list of each document, email, or other communication that is being withheld (the "withheld item"), and, as to each withheld item, the identification of its author, date, recipient, and recipient of copies (including the titles of such recipients and whether they are attorneys), the privilege or protection claimed, and a summary of the subject matter of the withheld item.

2. If you are aware that a document, communication, or thing once existed, but has been deleted, lost, or destroyed, you are requested to identify specifically such document, communication, or thing, when such document, communication, or thing was deleted, lost or destroyed, the reason for such deletion, loss, or destruction, and the circumstances under which such deletion, loss, or destruction occurred.

3. These Requests for Production include all documents, communications, and things within your possession, custody, or control and those of your agents, accountants, employees, and/or attorneys from January 1, 2011 to the present.

2

849040.1

4. When a "list" is requested herein, documents sufficient to show and to create such a list or summary are requested in the event that such a list does not exist.

## DEFINITIONS

A. The definitions set forth in Local Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.

B. The term "Dr. Schaefer" or "you" refers to Ernst J. Schaefer, M.D. and includes your agents, accountants, employees, and/or attorneys.

C. "Alphacore" refers to Alphacore Pharma, LLC and includes its officers, directors, principals, managers, employees, agents, representatives, and/or all persons acting or purporting to act on its behalf.

D. The term "Astra" refers to Astrazeneca Biopharmaceuticals, Inc. and includes its officers, directors, principals, managers, employees, agents, representatives, and/or all persons acting or purporting to act on its behalf, and shall also refer to all parent, subsidiary, sister, or affiliate entities, including, without limitation, Zeneca, Inc.

E. The term "Medimmune" refers to Medimmune, LLC and includes its officers, directors, principals, managers, employees, agents, representatives, and/or all persons acting or purporting to act on its behalf, and shall also refer to all parent, subsidiary, sister, or affiliate entities.

F. The term "NIH" refers to the National Institutes of Health.

G. The term "NHLBI" refers to National Heart, Lung, and Blood Institute.

H. The term "Patent" shall refer to U.S. Patent No. 6,635,614 B1, issued on or about October 21, 2003 concerning the "Use of Lecithin-

4

849040.1

Cholesterol Acytransferase (LCAT) to Reduce Accumulation of Cholesterol."

I. The term "Complaint" shall refer to the Complaint filed herein on or about July 28, 2016 in the Massachusetts Superior Court and removed to this Court on or about December 16, 2016 by Defendants Robert D. Shamburek, M.D. and Alan T. Remaley, M.D.

J. The term "Answer" shall refer to the Answer and Jury Demand filed by Defendant Ernst J. Schaefer, M.D. on or about November 14, 2016 in the Massachusetts Superior Court and removed to this Court on or about December 16, 2016 by Defendants Robert D. Shamburek, M.D. and Alan T. Remaley, M.D.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All documents concerning contracts and/or agreements, written or unwritten, entered into between Dr. Schaefer and Alphacore, Astra, MedImmune, NIH, or NHLB.

2. All documents concerning opinions (written or unwritten), reports, or other written work product or presentations (oral or written) by Dr. Schaefer for Alphacore, Astra, or MedImmune.

3. All documents concerning any financial interest, honoraria, investment, loan, shareholder, membership, or other ownership interest by Dr. Schaefer (or a person under his control) in, or payment of funds or other consideration to Dr. Schaefer from, Alphacore, Astra, or MedImmune.

4. All documents concerning Alphacore's organization and structure, including its Articles of Organization, By-laws, Operating

Agreement(s), Shareholder Agreement(s), and a list of its Shareholders by capitalization, percentage, and class.

5. All documents concerning Alphacore's acquisition by Astra and/or MedImmune.

6. All documents concerning Alphacore's, Astra's, and/or MedIummune's licensing of the Patent

7. All documents that constitute, contain, or describe statements (whether signed, unsigned, or transcribed) that were given, filled out, or completed by any person (including Mr. Ward) concerning, supporting, or refuting any of the allegations in the Complaint and/or the Answer.

8. All documents concerning communications by you or any person concerning, supporting, or refuting any of the allegations in the Complaint and/or the Answer in your possession, custody, or control by, with, or between:

    a. Defendant, Robert D. Shamburek, M.D.;

    b. Defendant, Alan T. Remaley, M.D.;

    c. Om Ganda, M.D.;

    d. Bijan Roshan, M.D.;

    e. Rose Ganim, M.D.;

    f. Ranil DeSilva, M.D.;

    g. Sarah Haessler, M.D.;

    h. Eliana Polisecki, Ph.D.;

    i. Former Senator John F. Kerry;

    j. Former Representative (now Senator) Edward J. Markey;

    k. The United States Department of Health and Human Services;

l.  NIH, including its Institutional Review Board;

m. Lusana Ahsan

n.  NHLBI;

o.  Denise Crooks

p.  The United States Food and Drug Administration;

q.  Anne Pariser, M.D.;

r.  Larry Bauer, M.D.;

s.  Tufts University;

t.  Tufts Medical Center;

u.  Tufts University, School of Medicine;

v.  Mark Estes, M.D.;

w. Bela Asztalos;

x.  Boston Heart Diagnostics Co. (including Mr. Ward's employment);

y.  Alphacore;

z.  Bruce Auerbach;

aa. Reyn Homan;

bb. Brian Krause;

cc. Rebecca Bakker

dd. Rebecca Bakker-Akema;

ee. Bill Brinkerhoff;

ff. Mariam Koohdary;

gg. Astra;

hh. Michael McCarthy

ii. Sotirios Karathanasis;

jj. MedImmune;

7

kk. Michael McCarthy;

ll. Edward Piper;

mm.    Karma Rabon-Stith

nn. Kara Thanasiss

oo. Valerie Price, M.D.; and

pp. The Journal of Clinical Lipidology.

    9.    All documents concerning:

a. Mr. Ward;

b. Mr. Ward's diagnosis, care, treatment, testing, or medical condition;

c. Virginia Ward;

d. LCAT detection, treatment, or research;

e. "familiar LCAT deficiency" detection, treatment, or research;

f. rhLCAT deficiency, detection, treatment, or research;

g. ACP-501 (or any other trade, medical, or scientific name used to describe ACP-501);

h. the Patent;

i. The protocol (including any version, amendment, or draft), your work under it, and any financial payment or expense reimbursement under it, titled "Expanded Access Use of Intravenous ACP-501 in One Subject with Familial Lecithin Cholesterol Acyltransferase [rhLCAT] Deficiency."

j. Any Investigational New Drug Application for use of ACP-501 (or any other trade, medical, or scientific name used to describe ACP-501);

k. All orphan drug designation requests or applications for ACP-501 (or any other trade, medical, or scientific name used to describe ACP-501);

8

849040.1

l. All patent applications and patents for ACP-501 (or any other trade, medical, or scientific name used to describe ACP-501);

m. The NIH's Consent to Participate in a Clinical Research Study for Mr. Ward; and

n. All medical records concerning Mr. Ward, including those for his evaluation, care, treatment, or testing.

10. All documents concerning the allegations of your Answer and Mr. Ward's alleged informed consent, including:

a. Mr. Ward's condition;

b. The medical treatment you recommended to Mr. Ward;

c. The medical need and benefits to Mr. Ward for the treatment;

d. The consequences to Mr. Ward of not having the treatment;

e. The actual procedure and treatment recommended, the risks and the medical results of the treatment for Mr. Ward's condition, including any complications and post-treatment follow up;

f. The relevant treatment options for Mr. Ward's condition and their risks;

g. The likely consequences of the risks if they occur; and

h. The risks specific to Mr. Ward.

11. All documents concerning the standard of medical care you claim you observed in connection with Mr. Ward's care, treatment, testing, or other contact with him.

12. All published or unpublished medical or scientific texts, books, journals, papers, articles, grants, or abstracts concerning:

Case 1:16-cv-12543-FDS   Document 86-1   Filed 05/11/18   Page 13 of 16

a. The protocol and its results, including any version, amendment, or draft, titled "Expanded Access Use of Intravenous ACP-501 in One Subject with Familial Lecithin Cholesterol Acyltransferase [rhLCAT] Deficiency;

b. Documents responsive to Request for Production No. 10 (alleged informed consent);

c. Mr. Ward;

d. The medical use of ACP-501 (or any other trade, medical, or scientific name used to describe ACP-501) to treat any human disease or condition;

e. The medical use of ACP-501 (or any other trade, medical, or scientific name used to describe ACP-501) for LCAT detection or treatment;

f. The medical use of ACP-501 (or any other trade, medical, or scientific name used to describe ACP-501) for "familiar LCAT deficiency" detection or treatment;

g. The medical use of ACP-501 (or any other trade, medical, or scientific name used to describe ACP-501) for kidney disease, kidney failure, or other kidney treatment, including the reversal of kidney disease or failure; and

h. The medical use of ACP-501 (or any other trade, medical, or scientific name used to describe ACP-501) for rhLCAT deficiency, detection or treatment.

13. All documents concerning all published or unpublished medical or scientific texts, books, journals, papers, articles, grants or grant applications, or abstracts you have written, co-authored, edited, applied for,

10

or peer reviewed with Mr. Ward, Bruce Auerbach, Dr. Shamburek, or Dr. Remaley.

14. All documents concerning all published or unpublished medical or scientific texts, books, journals, papers, articles, grants or grant applications, or abstracts you have written, co-authored, edited, applied for, or peer reviewed concerning Mr. Ward, his care and treatment, or his medical condition.

15. All documents concerning all published or unpublished medical or scientific texts, books, journals, papers, articles, grants or grant applications, or abstracts you have written, co-authored, edited, applied for, or peer reviewed concerning ACP-501 (or any other trade, medical, or scientific name used to describe ACP-501).

16. All documents concerning photographs, movies, video- or audio-tape, voicemail, in whatever form or on whatever media, concerning Mr. Ward's diagnosis, care, treatment, testing, or medical condition.

17. All documents concerning the allegations of the Complaint.

18. All documents concerning the allegations of the Answer.

19. All documents concerning all affirmative or special defenses pleaded in the Answer.

20. All documents concerning the names and addresses of any individuals who possess discoverable information in connection with the allegations of the Complaint or the Answer.

21. All documents concerning any curriculum vitae and expert reports prepared by any experts you have retained in this matter.

22.   All documents that Dr. Schaefer intends to introduce at the time of trial.

23.   All documents concerning the facts or data considered by Dr. Schaefer's expert(s) to review, analyze, examine, and/or evaluate this case or used in the development of the expert's opinion(s).

24.   All documents concerning your written or oral testimony in any litigation, administrative, or other dispute resolution proceeding, including discovery responses, expert reports, affidavits, declarations, or deposition, hearing, or trial transcripts.

25.   All documents concerning any litigation, administrative or other dispute resolution proceeding in which you were alleged to have committed medical or other professional malpractice.

26.   All documents concerning any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

27.   All documents concerning any Joint Defense Agreement or similar cooperation or cost sharing agreement, written or unwritten, signed or unsigned, among any or all of the Defendants.

28.   All documents concerning your search for electronically stored information in response to these requests for production of documents, including all lists, and documents sufficient to show,

   a. the custodians interviewed and used for your search;

   b. the sources (and any limitations) of your search;

   c. the metadata preserved and formatted for production; and

849040.1

d. the search terms used, and any key words deployed, in your search.

        Respectfully Submitted,

        EDMUND EDWARD WARD,
        By his attorneys,

        /s/ Patrick T. Clendenen
        Patrick T. Clendenen, 564165
        DAVIS MALM & D'AGOSTINE, P.C.
        One Boston Place, 37th Floor
        Boston, MA  02108
        (617) 367-2500
        pclendenen@davismalm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was sent to counsel of record for the parties electronically and by first class mail on January 18, 2018.

        /s/ Patrick T. Clendenen
        Patrick T. Clendenen