UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDMUND EDWARD WARD,

        Plaintiff,

v.

BRUCE AUERBACH, ERNST J.
SCHAEFER, M.D., ROBERT D.
SHAMBUREK, M.D., ALAN T. REMALEY,
M.D., ALPHACORE PHARMA, LLC,
ASTRAZENECA BIOPHARMACEUTICALS,
INC.; and MEDIMMUNE, LLC,

        Defendants.

Civil Action No.: 1:16-CV-12543

May 16, 2018

**Plaintiff Edmund Edward Ward's Renewed Motion for Permission to Notice and to Take the Deposition of Edmund Edward Ward**

The Plaintiff, Edmund Edward Ward, respectfully moves under Fed. R. Civ. P. Rule 30(a)(2)(A) for leave to notice and to take the deposition of Edmund Edward Ward ("Mr. Ward"), by audiovisual recording, in order to preserve his testimony for trial of this action. Mr. Ward's current medical condition continues to be fragile and has recently become critical. As the Plaintiff in this matter, Mr. Ward's testimony and the facts and the series of events comprising his claims remain central to the adjudication of this case. By Memorandum and Order dated November 16, 2017 [Dkt. 77], this Court denied without prejudice Mr. Ward's previous motion to take his own deposition. On April 20, 2018, the Massachusetts Medical Malpractice Tribunal in Middlesex Superior Court held a hearing and made a written finding [Dkt. 85] for Mr. Ward that "the evidence presented, if properly substantiated, is

sufficient to raise a legitimate question of liability appropriate for judicial inquiry."
In support of this motion, the Plaintiff states as follows:

I.   Mr. Ward seeks leave of the court to take his deposition

Under Fed. R. Civ. P. Rule 30(a)(2)(A)(iii) "[a] party must obtain leave of
court, and the court must grant leave to the extent consistent with Rule 26(b)(1)
and (2) if ... the party seeks to take the deposition before the time specified in Rule
26(d)." Under Fed. R. Civ. P. Rule 26(d) "[a] party may not seek discovery from any
source before the parties have conferred as required by Rule 26(f), except ... when
authorized by these rules, by stipulation, or by court order." As such, because
Plaintiff seeks to take the deposition prior to the time set forth in Rule 26, Plaintiff
hereby requests leave of the court to notice and to take the deposition of the Mr.
Ward. This case was removed by Defendants from the Massachusetts Superior
Court on December 16, 2016. [Dkt. 1]. No scheduling conference has yet occurred or
has been set by the Court.  Dr. Schaefer and Mr. Ward have exchanged Initial
Disclosures under Fed. R. Civ. P. 26.  Mr. Ward has served his First Request for
Production of Documents on Dr. Schaefer, and Mr. Ward moved to compel this
discovery on May 11, 2018 [Dkt. 86].

Plaintiff's counsel hereby renews his request that he be permitted to take the
deposition of Mr. Ward prior to the time specified in Rule 26 due to Mr. Ward's
serious medical condition. Mr. Ward was born with a rare genetic deficiency of a
bloodstream enzyme, lecithin-cholesterol acyltransferase (LCAT). In addition to
other health complications, Mr. Ward has stage 5 kidney failure. As a result, Mr.

Ward currently must undergo dialysis treatments three days a week for 4.5 hours per day. He is and has been ineligible for a kidney transplant. Moreover, given the intensity and frequency of these treatments, in addition to Mr. Ward's debilitating condition, Mr. Ward is fatigued and weak. He suffers from progressive fatigue, anemia, and both vision and hearing problems.

Mr. Ward suffers from other medical problems, which are life threatening:

(a) Mr. Ward's heart is in permanent paroxysmal atrial fibrillation;

(b) Mr. Ward suffers from hyperkalemia, which requires careful control of his blood potassium levels to prevent his heart from stopping;

(c) Mr. Ward takes blood-thinner medication, which must be carefully controlled to prevent bleeding. He recently experienced a sudden, unexpected bleeding episode at Lahey Hospital that necessitated emergency surgery;

(d) Mr. Ward is at a high risk of life-threatening infection because of a dialysis chest catheter;

(e) Mr. Ward suffers from regular dialysis fistula malfunctions and clogging;

(f) Mr. Ward is a fall risk, and he must regularly use a cane, a walker, a transport chair, and a wheelchair;

(g) Mr. Ward suffers from a reduced number of dialysis access sites because the veins in his left arm were damaged by the over 700 needle insertions used to draw blood by the Defendants. His recent medical records show that, from April 11-15, 2018, Mr. Ward was hospitalized at Emerson Hospital for uremia and corrective surgery on the fistula in his lower right arm; and

(h) Mr. Ward was transported by ambulance on April 21, 2018 to Lahey Hospital due to unusual fatigue and fever. Mr. Ward spent seven days in the intensive care unit suffering from a serious blood infection, respiratory distress, and a severe drop in his blood pressure that led to septic shock. After transport to a regular hospital bed, Mr. Ward's fistula in his lower right arm exploded and caused an uncontrolled bleeding episode that led to the surgical removal of veins and arteries on April 29, 2018. Mr. Ward

was discharged on May 7, 2018 to CareOne Lexington Rehabilitation Center, where he currently resides.

Because of Mr. Ward's extremely fragile and serious medical condition, a deposition under controlled circumstances is necessary in order to preserve his testimony before he loses the strength and ability to testify or worse, before he dies from his health conditions.

As set forth by the First Circuit, "[u]nder Rule 26, the trial court is required to balance the burden of proposed discovery against the likely benefit." Gill v. Gulfstream Park Racing Ass'n., Inc., 399 F.3d 391, 400 (1st Cir. 2005). As applied to the case at hand, given the significance of Mr. Ward's testimony as the Plaintiff in this case, the inability to depose Mr. Ward would continue to be extremely prejudicial and harmful to Plaintiff's case. Dr. Schaefer has subpoenaed vast amounts of medical records and has to date refused to produce basic written discovery. As such, in light of Mr. Ward's declining health, the taking and preserving of his deposition is a proper basis for relief under Rule 26(d). The interests of justice and fairness to all parties support the Court in granting the Plaintiff leave to take and preserve the deposition of Mr. Ward by audiovisual means.

WHEREFORE, in accordance with Fed. R. Civ. P. 30(a)(2), the Plaintiff respectfully requests this Honorable Court to GRANT his motion for permission to notice and to take the audiovisual deposition of Edmund Edward Ward, at a reasonable date and time, and under reasonable conditions, agreeable by the parties.

4

Respectfully Submitted,
EDMUND EDWARD WARD,
By his attorneys,

_____

Patrick T. Clendenen, BBO# 564165
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, Connecticut 06511
(203) 787-1183
ptc@clenlaw.com


### Local Rule 7.1 Certification

The undersigned counsel certifies that he emailed counsel for the Defendants by email in a good faith effort to resolve or narrow the issues raised by this Motion. No agreement was reached.

Patrick T. Clendenen
BBO # 56416


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 16, 2018.

CLENDENEN & SHEA, LLC