UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDMUND EDWARD WARD,<br>    Plaintiff<br><br>V.<br><br>ERNST J. SCHAEFER, M.D.,<br>    Defendant. | CIVIL ACTION NO.<br>1:16-cv-12543-FDS |

## OPPOSITION OF DEFENDANT, ERNST SCHAEFER, M.D. TO PLAINTIFF'S MOTION TO COMPEL

NOW COMES the Defendant, Ernst Schaefer, M.D. ("Dr. Schaefer" or "Defendant"), by his attorney in the above-entitled matter and hereby states his opposition to Plaintiff's Motion to Compel on the grounds that the Motion to Compel is moot given the Defendant has provided responses to Plaintiff's First Request for the Production of Documents. Further, the Defendant opposes the Plaintiff's requests for the Court to impose sanctions and issue an order barring Dr. Schaefer from objecting to any request for production as those requests are moot and unwarranted. As grounds for this opposition, the Defendant states the following.

This is an action in which the Plaintiff alleges that the Defendant was negligent with regard to medical treatment provided to Edmund Ward during 2012 through 2013, and as a result, Mr. Ward alleges that he suffered serious and permanent bodily injury, deteriorating health, diminished life expectancy, bodily pain and mental anguish. The Plaintiff further alleges that Dr. Schaefer led the Plaintiff to believe that participating in a trial of ACP-501 (a new drug trial) would reverse his advanced kidney disease caused

by his LCAT deficiency, and further alleges that Dr. Schaefer provided medical supervision of the ACP-501 trial. Dr. Schaefer denies all of Plaintiff's allegations.

The Plaintiff originally filed his Complaint on or about July 28, 2016 in Superior Court. On December 16, 2016, this case was removed from the Suffolk Superior Court to the United Stated District Court for the District of Massachusetts, where it is now pending. Numerous motions were filed in the interim by and between the now-dismissed parties and the Plaintiff, argued by counsel, and ruled upon by the Court.

Defendant has provided his Responses to the Plaintiff's First Request for the Production of Documents, sent via mail on May 25, 2018 under LR 26.2(a) ("Nonfiling of Discovery Materials," which states that discovery materials, including disclosures, depositions, interrogatories, requests for the production of documents, requests for admissions and answers and responses to discovery requests, shall not be filed unless so order by the court). Given the production of Dr. Schaefer's Responses and accompanying documents, the now scheduled Conference coming up on June 13, 2018, and the Plaintiff's failure to abide by the Local Rules for the District of Massachusetts with regard to disclosures and discovery, the Plaintiff's Motion to Compel is moot.

Further, under Rule 16.1(a) of the Local Rules for the District of Massachusetts, entitled "Scheduling Conference in Civil Cases", in every civil action except those exempted by L.R. 16.2, the judicial officer shall convene a scheduling conference…within 60 days after removal or transfer. LR 26.2(a), entitled "Sequences of Discovery," goes on to state that automatic disclosures are required under the Federal Rules of Civil Procedure Rule 26(a)(1) to be made as soon as practicable, and

in any event, these must be made at or within 14 days after the meeting required by Fed. R. Civ. P. 26(f) and LR 16.1(b). The Scheduling Order and the Initial Disclosure must be completed before a party may initiate discovery. Id. In this case, Plaintiff elected to serve his First Request for the Production of Documents prior to the convening of a Scheduling Conference and prior to Plaintiff's production of his Initial Disclosure.  Given the Plaintiff's election, Counsel for the Defendant elected to provide their Initial Disclosure to the Plaintiff on March 6, 2018 to ensure the proper order of discovery, however, no Scheduling Conference had yet occurred. A Scheduling Conference was then scheduled by the Court to take place on June 13, 2018, at which point all counsel are required to file and discuss a proposed pretrial schedule which includes a joint discovery plan, scheduling the time and length for all discovery events. Plaintiff elected to proceed with discovery prematurely, in contravention of the requirements set forth in the Local Rules. Therefore, Plaintiff's request for sanctions and an order barring Defendant from objecting to any request for the production of documents is unfounded, as the Defendant has been acting in accordance with Local Rules for the District of Massachusetts.

WHEREFORE, Defendant, Ernst Schaefer, M.D., requests that the Court Deny Plaintiff's Motion to Compel as it is moot given the Defendant's Responses to Plaintiff's First Request for the Production of Documents and deny Plaintiff's additional requests for sanctions and an order barring the Defendant from objecting to any request for production contained in Mr. Ward's First Request for Production of Documents as they are unwarranted.

Respectfully submitted by,
Defendant, ERNST J. SCHAEFER, M.D.,
By his attorney,

/s/ Ellen Epstein Cohen
Ellen Epstein Cohen, BBO #543136
Adler│Cohen│Harvey│Wakeman│Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110
(617) 423-6674
ecohen@adlercohen.com

Respectfully submitted by,
Defendant, ERNST J. SCHAEFER, M.D.,
By his attorney,

/s/ Sarah A. Doucett
Sarah A. Doucett, BBO #693659
Adler│Cohen│Harvey│Wakeman│Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110
(617) 423-6674
sdoucett@adlercohen.com

**CERTIFICATE OF SERVICE**

I, Ellen Epstein Cohen, hereby certify that on May 25, 2018, this document was filed with the ECF system to be electronically served upon all registered participants as identified on the Notice of Electronic Filing.

/s/ Ellen Epstein Cohen
Ellen Epstein Cohen

**CERTIFICATE OF SERVICE**

I, Sarah A. Doucett, hereby certify that on May 25, 2018, this document was filed with the ECF system to be electronically served upon all registered participants as identified on the Notice of Electronic Filing.

/s/ Sarah A. Doucett
Sarah A. Doucett