UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EDMUND EDWARD WARD,<br>Plaintiff | ) ) ) | |
| V. | ) ) ) | CIVIL ACTION NO.<br>1:16-cv-12543-FDS |
| ERNST J. SCHAEFER, M.D.,<br>Defendant. | ) ) ) ) | |

### RENEWED OPPOSITION OF DEFENDANT, ERNST SCHAEFER, M.D., TO PLAINTIFF'S RENEWED MOTION FOR PERMISSION TO NOTICE AND TAKE THE AUDIO-VISUAL DEPOSITION OF EDMUND EDWARD WARD

Defendant Ernst Schaefer, M.D. ("Dr. Schaefer" or "Defendant") hereby submits this Renewed Opposition to the Plaintiff's Motion for Permission to Notice and Take the Deposition of Edmund Edward Ward. The Plaintiff's Renewed Motion to Notice and Take the Deposition of Mr. Ward should be denied because no information has been provided to show there is a medical need to do so and it is premature at this stage of litigation and would be prejudicial to the defendant. In support of this Opposition, the Defendant relies on the following.

### Relevant Facts

This is a medical malpractice action in which the Plaintiff alleges that the Defendant was negligent with regard to medical treatment provided to Edmund Ward from 2012 through 2013, and as a result Mr. Ward allegedly suffered serious and permanent bodily injury, deteriorating health, diminished life expectancy, bodily pain and mental anguish. The Plaintiff further alleges that Dr. Schaefer led the Plaintiff to believe that participating in a trial of ACP-501 (a new drug trial) would reverse his advanced kidney disease caused by his LCAT deficiency, and further alleges that Dr. Schaefer

provided medical supervision of the ACP-501 trial. Dr. Schaefer denies these allegations.

The Plaintiff filed his Complaint on or about July 28, 2016 in the Suffolk Superior Court. On November 16, 2016, Dr. Schaefer Answered the Complaint and filed a Notice for the Taking of Deposition of Mr. Ward on June 14, 2017. On December 16, 2016, this case was removed from the Suffolk Superior Court to the United States District Court for the District of Massachusetts, where it is now pending. Following the removal of this case, the deposition of Mr. Ward was cancelled based on Plaintiff's Counsel's request, and in light of Rule 26.2 of the Local Rules for the District of Massachusetts, as discovery may not be initiated until the parties comply with Fed. R. Civ. P. 26(a)(1).

On November 17, 2017 the Court denied Plaintiff's Motion to take his own deposition. In ruling on that motion, the Court stated that, while it had little doubt the plaintiff was seriously ill, plaintiff had not provided an affidavit from any treating physician or any medical records to substantiate the assertion that his deposition had to be taken immediately. Furthermore, the Court stated that little (or no) discovery had occurred, and permitting the plaintiff to undertake his own A/V deposition would prejudice the defendants. (See **Exhibit A**).

While numerous motions were filed in the interim by and between the now-dismissed co-defendants and plaintiff, argued by counsel and ruled upon by the Court, as of this time no Scheduling Conference has yet occurred under Fed. R. Civ. P. 26(a)(1).[1] Despite the then lack of a Scheduling Conference, the plaintiff initiated discovery in violation of Rule 26(a)(1). On March 6, 2018, the Defendant, based on the discovery rules set forth in Fed. R. Civ. P. 26(a)(1), provided plaintiff with his Initial

---

[1] On 5/17/18 Defendant's counsel received Notice that a Scheduling Conference will be held on 6/13/18.

2

Disclosure, including all medical records obtained up to this point, to ensure the proper order of discovery.

## Argument

### I.   The Plaintiff's Motion to Notice and Take the Deposition of the Plaintiff Should be Denied as No Urgent Reason has been Provided, and no Support is Presented to Substantiate a Need for A/V at this Time

Counsel for the Plaintiff argues that he should be allowed to take the deposition of his client due to Mr. Ward's medical condition, including LCAT deficiency and Stage 5 kidney failure. The Plaintiff argues that Mr. Ward's condition indicates that a deposition is necessary now in order to preserve his testimony. In support of this argument, the Plaintiff argues only that Mr. Ward undergoes dialysis treatment three times per week causing him to be fatigued and weak. No records or medical affidavit to support this position have been presented to the Court or defense counsel.

The Defendant does not question Mr. Ward has an LCAT deficiency, nor does Defendant question that Mr. Ward has *long* undergone dialysis.  Mr. Ward, however, has been LCAT deficient since birth and was sick at the time he filed his Complaint on July 28, 2016. Further, defendant understands that Mr. Ward has been undergoing dialysis since 2013. In short, the Plaintiff has been sick and undergoing treatment for many years. The Court, in its decision denying Plaintiff's original Motion to take his own A/V Deposition, specifically stated that the plaintiff failed to provide *any* medical records or *any* affidavit of a treating physician indicating the need for this deposition now as opposed to at some date in the future (if at all).

With the Renewed Motion the Plaintiff has again failed to submit *anything* that would support the assertion that the plaintiff's health and ability to be deposed is at such

an imminent risk that an audiovisual deposition must occur immediately by Mr. Ward's own counsel, before the Defendant has had the benefit of discovery and receipt of the plaintiff's complete medical records. Furthermore, at the Tribunal hearing, Counsel for the Plaintiff indicated that the Plaintiff would have attended the hearing but for the schedule for his dialysis appointment. As a result, not only would a deposition of the Plaintiff at this time be premature and prejudicial to the defendant, who is filing and awaits discovery responses and medical records of the Plaintiff, but no justification (other than Plaintiff's preference) or support for taking his own AV deposition has been provided to the Court.

II.     **The Plaintiff's Motion to Notice and Take the A/V Deposition of the Plaintiff Should Be Denied as Premature and Prejudicial to the Defendant**

The Plaintiff's Renewed Motion for Permission to Notice and to take the Deposition of himself, Mr. Ward, should be denied as it is premature at this stage of the litigation. Under Rule 26.2 of the Local Rules for the District of Massachusetts, discovery may not be initiated until the parties comply with Fed. R. Civ. P. 26(a)(1), which requires the Parties to provide an Initial Disclosure outlining those individuals likely to have discoverable information, copies of all documents that may be used to support its claims or defenses, a computation of damages and any pertinent insurance agreements. This initial disclosure is required within 14 days after the parties' Rule 26(f) conference ("Scheduling Conference") unless a different time is set by stipulation or court order.

At this time, a Scheduling Conference has not yet taken place, but was just scheduled by the Court to take place on June 13, 2018. Under Rule 16.1, following a

4

Scheduling Conference, a Scheduling Order will be entered that will govern the pretrial phase. This includes service of, and compliance with, written discovery requests, the completion of depositions, including, if applicable, the terms for taking and using videotape depositions, and sequence of disclosure of information regarding experts, the filing of motions and additional conferences, including settlement and pretrial conferences. Of note, Rule 16.1(f)(3) specifically contemplates that the order will set forth the terms for taking and using videotape depositions, which plaintiff has moved for despite the fact that a scheduling conference to discuss this issue and a scheduling order detailing same have yet to occur.

Despite the fact that a Scheduling Conference had not yet occurred, the parties exchanged their automatic discovery disclosures with the Defendant providing his disclosure on March 6, 2018. Following this disclosure and the Court's Tribunal finding in favor of the Plaintiff, the Defendant plans to serve interrogatories and requests for the production of documents and Motion for Letters Rogatory in order to obtain Plaintiff's NIH records. Both the Federal Rules of Civil Procedure (Fed. R. Civ. P. 33 and 34) and the Local Rules for the District of Massachusetts (Rules 33.1 and 34.1), permit serving interrogatories and requests for the production of documents on the other parties in the suit. Once discovery has been exchanged, the parties will need time to review the respective answers, acquire and review the plaintiff's complete NIH records (which are out of state and subject to letter rogatory) and take a discovery deposition of the Plaintiff *before* the Plaintiff's Attorney should be permitted to proceed with the audiovisual recorded deposition of his own client.

The Defendant also has continued to work diligently to attempt to obtain a complete set of the Plaintiff's voluminous medical records. While counsel for the Defendant has been able to obtain a significant number of records, we do not yet have a complete set of Mr. Ward's medical records. Specifically, counsel for the Defendant has been working to obtain the records from the National Institute of Health (NIH) via an FOIA request, to try to acquire Mr. Ward's records from the medical trial at issue in this case, but has not been successful in obtaining same. The Defendant will continue to work diligently to try to acquire these records via the Motion for Letters Rogatory, but will need to perform a thorough review of those materials once they are acquired, and before an A/V deposition of Mr. Ward should occur, as these records are vital to understanding the facts that underlie the allegations in this case.

If this Motion to allow Plaintiff to memorialize his own testimony at this time is granted, it would be prejudicial to the Defendant.  The Defendant would be forced to attend and question Mr. Ward without the benefit of a complete set of his medical records, and without the exchange of written discovery. In light of the fact that written discovery has only just begun, and the Defendant has yet to obtain crucial records in this case, it is premature and prejudicial for the Plaintiff to take his own deposition by audiovisual recording and the Plaintiff's Renewed Motion for Permission to Notice and to Take the Deposition of the Plaintiff should be denied.

Where the Plaintiff has provided no evidence that his health is a more imminent risk now than it was when this Motion was originally filed, there is nothing presented that warrants allowing the Plaintiff's counsel to take his own client's own deposition by audiovisual recording at this time, prior to the exchange of discovery and production of

6

all of the plaintiff's medical records to the present time, including the complete record from NIH.

## Conclusion

WHEREFORE, Defendant Ernst Schaefer, M.D. requests that the Court Deny the Plaintiff's Renewed Motion for Permission to Notice and Take the Deposition of Mr. Ward by audiovisual recording **at this time**, as it is both premature and prejudicial to the defendants.

Respectfully submitted by,
Defendant, ERNST J. SCHAEFER, M.D.,
By his attorney,

/s/ Ellen Epstein Cohen
Ellen Epstein Cohen, BBO #543136
Adler│Cohen│Harvey│Wakeman│Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110
(617) 423-6674
ecohen@adlercohen.com

Respectfully submitted by,
Defendant, ERNST J. SCHAEFER, M.D.,
By his attorney,

/s/ Sarah A. Doucett
Sarah A. Doucett, BBO #693659
Adler│Cohen│Harvey│Wakeman│Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110
(617) 423-6674
sdoucett@adlercohen.com

## CERTIFICATE OF SERVICE

I, Ellen Epstein Cohen, hereby certify that on May 25, 2018, this document was filed with the ECF system to be electronically served upon all registered participants as identified on the Notice of Electronic Filing.

/s/ Ellen Epstein Cohen
Ellen Epstein Cohen

## CERTIFICATE OF SERVICE

I, Sarah A. Doucett, hereby certify that on May 25, 2018, this document was filed with the ECF system to be electronically served upon all registered participants as identified on the Notice of Electronic Filing.

/s/ Sarah A. Doucett
Sarah A. Doucett