UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDMUND EDWARD WARD, Plaintiff<br><br>V.<br><br>ERNST J. SCHAEFER, M.D., Defendant. | CIVIL ACTION NO. 1:16-cv-12543-FDS<br><br>**(Leave to file granted on 6/4/19)** |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF SECOND MOTION TO COMPEL**

The Plaintiff, Edmund Edward Ward, hereby replies to the opposition filed by the Defendant, Dr. Ernst J. Schaefer, on May 24, 2019. Dkt. 158. Dr. Schaefer has admitted under oath in his affidavit to the deliberate destruction of ESI. Dkt. 158-1. Dr. Schaefer's deposition testimony and the evidence before the Court also show that Dr. Schaefer was both objectively and subjectively aware of the litigation since 2014. *See* Dkts. 151-1-3, 105-1, 100-5. The only question therefore remaining is an appropriate sanction. A default judgment is appropriate here because Dr. Schaefer intentionally destroyed relevant evidence, including his agreement in writing to testify on behalf of the co-Defendants. There is significant, irremediable harm and prejudice to the Plaintiff because Dr. Schaefer's destruction of evidence at Boston Heart Diagnostics Corporation ("BHD") and Tufts University ("Tufts") eliminated all documents that date back to the time when Mr. Ward was treated by Dr. Schaefer and was enrolled in the protocol at NIH.

Dr. Schaefer first ignores the applicable Federal Rule of Civil Procedure and again refuses to undertake the required analysis under Fed. R. Civ. P. 37(e). Indeed,

Dr. Schaefer refuses to cite to a single case decided after the applicable 2015 amendment of that Rule.[1] Applying the relevant standards, as articulated in the Plaintiff's Motions to Compel, the entry of severe sanctions against Dr. Schaefer is appropriate.

"If the alleged spoliation involves ESI, then Rule 37(e) applies." *Gonzalez-Bermudez v. Abbott Labs PR Inc.*, 214 F. Supp. 3d 130, 161–62 (D.P.R. 2016) (Jimenez-Perez) (internal quotation and citation omitted). Here, the destroyed evidence involves Dr. Schaefer's e-mail messages. "That evidence constitutes ESI and, therefore, falls under the purview of Rule 37(e)." *Id.*

In his affidavit, Dr. Schaefer testified under oath that he deleted his email intentionally. Dkt. 158-1. Further, after significant and costly efforts, the email cannot be restored or replaced. They are lost and irretrievable. Mr. Ward has undertaken significant third-party discovery, over Dr. Schaefer's repeated objections, motions, and hearings, in attempts to recover them. After reviewing the thousands of items among all of the subpoena returns, Mr. Ward has the following email written by or addressed to Dr. Schaefer, inclusive of carbon copies:

| Year | Producing Party | Emails from Dr. Schaefer | Emails to Dr. Schaefer |
|---|---|---|---|
| 2010 | Mr. Ward | 39 | 37 |
| | NIH | 0 | 0 |
| | BHD | 0 | 0 |
| | Dr. Schaefer | 0 | 0 |
| | Tufts | 0 | 0 |
| 2011 | Mr. Ward | 28 | 38 |
| | NIH | 0 | 0 |
| | BHD | 0 | 0 |

[1] Dr. Schaefer also relies on state law in violation of Rule 37. *See* Committee Notes on Rules–2015 Amendment (New Rule 37(e) "forecloses reliance on inherent authority or state law to determine when certain measures should be used"); Opp. at 5, 7, 11-14, 17.

| Year | Producing Party | Emails from Dr. Schaefer | Emails to Dr. Schaefer |
|---|---|---|---|
| | Dr. Schaefer | 0 | 0 |
| | Tufts | 0 | 0 |
| 2012 | Mr. Ward | 29 | 17 |
| | NIH | 0 | 0 |
| | BHD | 0 | 0 |
| | Dr. Schaefer | 0 | 0 |
| | Tufts | 0 | 0 |
| 2013 | Mr. Ward | 33 | 20 |
| | NIH | 3 | 0 |
| | BHD | 0 | 0 |
| | Dr. Schaefer | 0 | 0 |
| | Tufts | 0 | 0 |
| 2014 | Mr. Ward | 105 | 82 |
| | NIH | 3 | 1 |
| | BHD | 0 | 0 |
| | Dr. Schaefer | 0 | 0 |
| | Tufts | 0 | 0 |
| 2015 | Mr. Ward | 6 | 1 |
| | NIH | 6 | 6 |
| | BHD | 0 | 0 |
| | Dr. Schaefer | 0 | 0 |
| | Tufts | 0 | 0 |
| 2016 | Mr. Ward | 0 | 0 |
| | NIH | 0 | 0 |
| | BHD | 612 | 206 |
| | Dr. Schaefer | 0 | 0 |
| | Tufts | 0 | 7 |
| 2017 | Mr. Ward | 0 | 0 |
| | NIH | 0 | 0 |
| | BHD | 496 | 41 |
| | Dr. Schaefer | 0 | 0 |
| | Tufts | 0 | 0 |
| 2018 | Mr. Ward | 0 | 0 |
| | NIH | 0 | 0 |
| | BHD | 391 | 312 |

| Year | Producing Party | Emails from Dr. Schaefer | Emails to Dr. Schaefer |
|---|---|---|---|
|  | Dr. Schaefer | 0 | 0 |
|  | Tufts | 0 | 0 |
| 2019 | Mr. Ward | 0 | 0 |
|  | NIH | 0 | 0 |
|  | BHD | 88 | 142 |
|  | Dr. Schaefer | 0 | 0 |
|  | Tufts | 0 | 0 |

Dr. Schaefer's deleted emails have otherwise not been recovered. He produced none.

No additional email has been obtained from any source during 2010-2012, the time that Dr. Schaefer began providing care (and planning treatment) for Mr. Ward with Drs. Remaley and Shamburek. Three items of Dr. Schaefer's email have been obtained for calendar year 2013, the year in which Mr. Ward participated in the clinical trial and AlphaCore Pharma, LLC, the manufacturer of ACP-501, was acquired by AstraZeneca and MedImmune. Four items have been obtained for calendar year 2014, in which Dr. Schaefer wrote Dr. Remaley, Dr. Shamburek, and AlphaCore Pharma, LLC regarding Mr. Ward seeking compensation for his participation in the trial. Twelve items have been identified from 2015, in which Dr. Schaefer submitted a formal complaint about a codefendant that recounted Dr. Schaefer's involvement in the clinical trial, received a copy of a demand letter from Mr. Ward, and offered to testify on AlphaCore Pharma, LLC's behalf in Mr. Ward's case. None come from Dr. Schaefer himself.

Had Dr. Schaefer halted his deliberate email destruction policy at any point at which litigation was objectively and reasonably foreseeable, years of relevant email would be preserved or recovered for this litigation. Furthermore, BHD, which

recovered two years of email under subpoena, could have at that time restored even more email contemporaneous with the events of the Complaint.

Dr. Schaefer was also unmistakably under independent obligations to maintain records. "Although the rule focuses on the common-law obligation to preserve in the anticipation or conduct of litigation, courts may sometimes consider whether there was an independent requirement that the lost information be preserved. Such requirements arise from many sources — statutes, administrative regulations, an order in another case, or a party's own information-retention protocols." Committee Notes on Rules–2015 Amendment. Massachusetts requires that a physician's records be retained for seven (7) years. 243 Mass. Code Regs. 2.07(13)(a). BHD's records retention policy, provided as directed by the Court, Dkt. 122, requires any clinical records to be maintained for thirty (30) years.

Accordingly, the entry of a default against Dr. Schaefer is an appropriate sanction under Rule 37(e), with attorney's fees and costs awarded to the Plaintiff. In the alternative, an adverse inference instruction to the jury is warranted, with attorney's fees and costs awarded to the Plaintiff.

Respectfully submitted,

The Plaintiff,
EDMUND EDWARD WARD
By his attorney,

Patrick T. Clendenen, BBO #564165
Clendenen & Shea LLC
400 Orange Street
New Haven, CT 06511
(203) 787-1183
ptc@clenlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the date below I electronically filed this Reply to Second Opposition to Motion to Compel using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record in this matter as identified on the Notice of Electronic Filing (NEF) on June 4, 2018.

CLENDENEN & SHEA, LLC