UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDMUND EDWARD WARD,<br>        Plaintiff<br><br>V.<br><br>ERNST J. SCHAEFER, M.D.,<br>        Defendant. | )<br>)<br>)<br>)     CIVIL ACTION NO.<br>)     1:16-cv-12543-FDS<br>)<br>)<br>)<br>) |

### *LIMITED* OPPOSITION OF THE DEFENDANT, ERNST SCHAEFER, M.D., TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

The Defendant, Ernst Schaefer, M.D. ("Dr. Schaefer" or "Defendant"), submits this Limited Opposition to Plaintiff's FOURTH Motion for an Extension of Time to extend the expert discovery deadline and Tracking Order. The Defendant leaves it to the judgment of the Court whether to allow this Motion. **IF the Court is inclined to allow plaintiff's Motion, then the Defendant asks that the requested 50-day additional extension of the remaining deadlines on the tracking order be the last and final extension granted**. Defendant further states his limited Opposition as follows:

1. This is a case based in medical malpractice, in which the Plaintiff, Edmund Ward, alleges that Dr. Schaefer fraudulently induced him to participate in a Compassionate Use Protocol at the National Institute of Health upon the guarantee that it would reverse his chronic kidney disease and prevent him from going on dialysis. Further, the Plaintiff contends that Dr. Schaefer wrongly received compensation, either financial or otherwise, for Mr. Ward's involvement in the Protocol.

2. The Plaintiff filed his Complaint on or about July 28, 2016 in Middlesex Superior Court. On December 16, 2016, this case was removed from Superior Court to the United States District Court for the District of Massachusetts, where it is now pending.

3. On June 19, 2019, the parties presented for a status conference with Judge Saylor. See Docket No. 163. During the status conference, plaintiff requested the first extension of the remaining deadlines. The request was granted and the deadline for plaintiff's expert disclosures was set for August 20, 2019. See Docket No. 164.

4. On or about August 16, 2019, the plaintiff filed an assented to Motion for an Extension of Time, his second request for thirty (30) additional days to disclose his experts. See Docket No. 169. The Court granted this motion, setting the deadline for plaintiff's expert disclosures for September 19, 2019. See Docket No. 170.

5. On or about September 19, 2019, counsel for the plaintiff sent an email stating that they were "still working on expert disclosures and will need an additional 30 days." Thereafter, the plaintiff filed a Motion for Extension of Time, his third request for an extension of time to provide expert disclosures. See Docket No. 174.

6. On or about October 18, 2019, counsel for the plaintiff sent an email stating that he planned to move for a further extension of time to complete his expert disclosures. The instant motion is the plaintiff's **fourth request for an extension of time.**

7. Rule 11 of the Massachusetts Rules of Civil Procedure requires plaintiff's counsel to have "good ground" to support the allegations set forth in a Complaint. In the context of an action based in medical malpractice, this "good ground" must be (a) the supportive opinion of an expert, (b) an admission by the defendant, or (c) an action so obvious that expert testimony is not required. Without one of those bases, the plaintiff lacks the requisite good faith for filing the Complaint. In the instant matter, Plaintiff's counsel was required to have had expert support *before filing* a Complaint based in medical negligence in Superior Court in Massachusetts, where this case was originally filed.

8. Rule 11 of the Federal Rules of Civil Procedure also requires plaintiff's counsel to present a pleading for a proper purpose as not to "harass, cause unnecessary delay, or needlessly increase the cost of litigation" with "evidentiary support or, if specifically so identified, will likely have evidentiary support after a *reasonable opportunity* for further investigation or discovery." Further, Rule 11 of the Massachusetts Rules of Civil Procedure requires plaintiff's counsel to have a "good ground" to support the allegations set forth in a Complaint. See Mass. R. Civ. P. 11 ("The signature of an attorney to a pleading constitutes a certificate by him that . . . to the best of his knowledge, information, and belief there is a *good ground to support it*."). In the context of an action alleging medical malpractice, this "good ground" and proper purpose is the supportive opinion of an expert because without this opinion, an attorney lacks the requisite good faith for filing the Complaint.

9. While as a matter or professional courtesy the Defendant does not object to the Court allowing Plaintiff's motion for a fourth extension of time, the Defendant files this Limited Opposition to prevent these motions from unfairly delaying this litigation, particularly given that the Plaintiff has had more than ample time to confer with and disclose experts, as is required to file a Complaint alleging claims based in medical negligence in federal or state court in Massachusetts. Any further or additional delays beyond the additional fifty (50) days requested would prejudice the Defendant and prolong this litigation unnecessarily.

WHEREFORE, the Defendant asks that, **IF the Court is inclined to allow Plaintiff's Motion, that there be no additional extensions for the disclosure of plaintiff's experts.**

Respectfully submitted by,
Defendant, ERNST J. SCHAEFER, M.D.,
By his attorney,

/s/ Ellen Epstein Cohen
Ellen Epstein Cohen, BBO #543136
Adler│Cohen│Harvey│Wakeman│Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110
(617) 423-6674
ecohen@adlercohen.com

Respectfully submitted by,
Defendant, ERNST J. SCHAEFER, M.D.,
By his attorney,

/s/ Sarah A. Doucett
Sarah A. Doucett, BBO #693659
Adler│Cohen│Harvey│Wakeman│Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110
(617) 423-6674
sdoucett@adlercohen.com

## CERTIFICATE OF SERVICE

I, Ellen Epstein Cohen, hereby certify that on October 21, 2019, this document was filed with the ECF system to be electronically served upon all registered participants as identified on the Notice of Electronic Filing.

/s/ Ellen Epstein Cohen
Ellen Epstein Cohen

## CERTIFICATE OF SERVICE

I, Sarah A. Doucett, hereby certify that on October 21, 2019, this document was filed with the ECF system to be electronically served upon all registered participants as identified on the Notice of Electronic Filing.

/s/ Sarah A. Doucett
Sarah A. Doucett