UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDMUND EDWARD WARD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 16-12543-FDS |
| v. ) | |
| ) | |
| ERNST J. SCHAEFER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

**SAYLOR, C.J.**

This is an action for intentional misrepresentation and medical malpractice. Plaintiff Edmund Edward Ward suffers from a rare genetic deficiency that has resulted in, among other things, severe kidney disease. He alleged that defendant Ernst Schaefer, M.D., induced him to participate in a non-therapeutic drug trial by promising that the drug would cure his kidney disease. When the treatment failed to do so, Ward sued Schaefer, as well as others involved in the drug trial.

The Court issued its summary judgment order on March 29, 2021. Following that order, the case proceeded to trial against Schaefer, the sole remaining defendant, on two counts—misrepresentation by omission and failure to obtain informed consent. On March 29, 2022, after a ten-day trial, a jury returned a verdict in Schaefer's favor on both counts.

Schaefer has now moved for an award of attorneys' fees, costs, and expenses pursuant to Fed. R. Civ. P. 54(d).

I.      **Legal Standard**

Recovery of costs is governed by Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. Rule 54(d) requires that costs, other than attorneys' fees, be allowed to the prevailing party unless "a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). "There is a background presumption [under Rule 54(d)] favoring cost recovery for prevailing parties," *B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 28 (1st Cir. 2008), but "[t]he award of costs is a matter given to the discretion of the district court." *Sharp v. Hylas Yachts, Inc.*, 2016 WL 10654435, at *1 (D. Mass. June 14, 2016).

> Pursuant to § 1920, the
>
> judge or clerk of any court of the United States may tax as costs: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; . . . ."

28 U.S.C. § 1920. District courts are "bound by the limitations" established by § 1920, and costs not listed under that section may not be awarded. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987).

Fed. R. Civ. P. 54(d) also provides for the awarding of attorneys' fees and other "related nontaxable expenses." A claim for those expenses, though, "must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). Such a motion must:

> (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgement and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the service for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B).

Excepted from those requirements are costs assessed against a party pursuant to 28

U.S.C. § 1927, which provides that

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

## II.     Analysis

Defendant has moved for attorneys' fees and costs in the amount $149,589.95. That figure comprises $125,530 for attorneys' fees incurred in preparation for, and during the course of, trial; $16,122.20 for preparing medical records and producing jury books and other demonstrative exhibits; $5,944.25 for obtaining necessary trial and deposition transcripts; $40 for a witness attendance fee; and $1,953.50 in attorneys' fees for responding to plaintiff's motion for a new trial, which defendant characterizes as frivolous. Plaintiff objects to these costs on various grounds.

For the reasons set forth below, the Court will award defendant costs in the amount of $5,205.30, and otherwise deny the request.

### A.     Attorneys' Fees for Trial

Defendant requests $125,530 for attorneys' fees, pursuant to Fed. R. Civ. P. 54(d)(2), for trial preparation and attendance at trial.

As a threshold matter, it does not appear that defendant's motion for those fees is timely. A motion seeking attorneys' fees must be filed within 14 days of the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Here, judgment was entered against plaintiff on March 29, 2022. (J. Civil Case, ECF No. 299). Defendant, therefore, had until April 12 to file a motion for attorneys' fees. However, defendant's motion was not filed until May 19. Accordingly, the motion is untimely.

In any event, defendant's motion fails to specify "the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). "Civil litigation in the

federal courts is often an expensive affair, and each party, win or lose, generally bears many of its own litigation expenses, including attorney's fees that are subject to the so-called American Rule." *City of San Antonio v. Hotels.com, L.P.*, 141 S. Ct. 1628, 1631 (2021). Defendant does not offer any basis for departing from that rule here.

Accordingly, the request for attorneys' fees will be denied.

### B. Costs for Exemplification

Defendant requests $16,122.20 for the preparation and production of medical records, jury notebooks, demonstratives, and the video recording of defendant's cross-examination of plaintiff.

Plaintiff contends that defendant has not adequately supported his requests for costs by failing to enumerate the specific costs associated with the materials at issue. (Pl.'s Opp'n at 4).[1] Moreover, plaintiff contends that the jury notebooks were unnecessary because the materials included in those notebooks could have been presented to the jury electronically. (*Id.*).

Costs of copies and materials used for exemplification are taxable under 28 U.S.C. § 1920(4) if they are reasonably necessary for use in the case. *Osorio v. One World Techs., Inc.*, 834 F. Supp. 2d 20, 23 (D. Mass. 2011). "While a page-by-page justification is not required, the prevailing party must offer some evidence of necessity." *Bowling v. Hasbro, Inc.*, 582 F. Supp. 2d 192, 210 (D.R.I. 2008). Counsel should "inform the Court of the number of copies, the cost of each copy, and provide, if possible, a breakdown of the reasons why photocopying of certain

---

[1] Plaintiff also opposes all requested attorneys' fees and costs on the grounds that defendant has not demonstrated (1) that he personally bore the costs of litigation, as opposed to an insurer, and (2) that trial was a necessary expense, as plaintiff was amenable to a settlement. (Pl.'s Opp'n at 3). Both contentions can be disposed of quickly. Plaintiff offers no basis in law for disallowing costs on account of a party being insured. Whether an insurer subrogates an award of costs is surely of no concern to plaintiff. And defendant is entitled to a trial and is not obligated to settle plaintiff's claims. It makes little sense to penalize a party who rebuffs settlement due to an honest conviction in the strength of his case—especially when that conviction is ultimately vindicated by a jury.

documents was necessary." *Osorio*, 834 F. Supp. 2d at 23 (internal quotation omitted).

Here, defendant has offered only a cursory summary of the costs incurred, devoid of the required showing of necessity, and unsupported by invoices, receipts, or any other form of corroborating evidence. *See Palomar Techs., Inc. v. MRSI Sys., LLC*, 2020 WL 4938414, at *7 (D. Mass. Aug. 12, 2020) (disallowing copying costs because party submitted insufficient documentation to corroborate request); *Villeneuve v. Avon Prods., Inc.*, 419 F. Supp. 3d 288, 291-92 (D.P.R. 2019) (same).

Accordingly, the request for costs for copying and producing materials used for exemplification will be denied.

### C.     Transcript Costs

Defendant further requests $5,944.25 for obtaining necessary trial and deposition transcripts. That amount includes $495 for the transcript of defendant's deposition; $2,482.50 for the transcript and video recording of plaintiff's deposition; $715.95 for the transcript of the deposition of Virginia Ward; $1,966.85 for the transcripts and video recordings of the depositions of Robert Shamburek and Alan Remaley; and $283.95 for the transcript of the deposition of Rose Ganim. The video recordings of the depositions of plaintiff, Shamburek, and Remaley were introduced at trial. Virginia Ward and defendant both testified in person. The Ganim deposition was not introduced, nor did she testify at trial.

Defendant contends that all depositions other than Ganim's were introduced at trial and therefore were necessary to the litigation. (Def.'s Mot. for Costs at 3). He also contends that he should be awarded the costs needed for obtaining the Ganim deposition transcript because he intended to call her as a witness at the time of the deposition, and therefore the deposition was "necessary at the time taken and materially advanced the development of litigation." (*Id.*).

Plaintiff contends that—assuming the requested costs were necessary—a prevailing party

is entitled to recover only the costs of obtaining one original and one certified copy of a deposition transcript, and that the costs of obtaining video recordings are not taxable. (Pl.'s Opp'n at 5). In addition, he contends that costs are not permitted for a transcript of a party's own deposition, as that testimony is readily available to the party. (*Id.*). Therefore, plaintiff contends that costs for the transcript of the Ganim deposition be denied because she never appeared at trial; that costs for defendant's deposition transcript be denied because he was a party to the litigation; and that costs for video recordings of the depositions of Remaley and Shamburek be denied because such costs are not allowed and, in any event, plaintiff bore the costs of editing their testimony in accordance with the Court's evidentiary rulings. (*Id.* at 6).

Deposition transcripts are taxable if "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). That standard is met if the transcript is "either introduced into evidence or is used at trial." *Smartling, Inc. v. Skawa Innovation Ltd.*, 2019 WL 3802524, at *1 (D. Mass. Aug. 12, 2019) (quoting *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985)). If a deposition transcript is not introduced at trial, it may nonetheless be taxable if "special circumstances" warrant as such. *Id*. Use of a deposition transcript to prepare for trial or in a legal memorandum is not normally a sufficiently special circumstance. *Id*. However, courts have found that the standard was met where a party relied on a transcript in a successful dispositive motion, where the non-prevailing party had requested the deposition, or where the deposition was of a potential witness of the non-prevailing party. *Bergeron v. Cabral*, 393 Fed. App'x 733, 735 (1st Cir. 2010) (dispositive motion); *Martinez v. Cui*, 2009 WL 3298080, at *2 (D. Mass. Apr. 13, 2009) (granting request for transcript costs of depositions of witnesses of non-prevailing party).

The Court finds that the costs of obtaining transcripts of the depositions for plaintiff,

Remaley, and Shamburek are taxable, as those depositions were introduced at trial, and therefore necessary to the litigation. It is true that, according to local rules, "[v]ideo depositions are not taxable without prior permission of the Court." D. Mass. Guide on Taxation of Costs, http://www.mad.uscourts.gov/resources/pdf/taxation.pd; *see also Brigham and Women's Hosp., Inc. v. Perrigo Co.*, 395 F. Supp. 3d 168, 172 n.1 (D. Mass. 2019). However, the video depositions at issue here were presented to the jury in lieu of in-person testimony, making them necessary to the litigation.

In addition, the Court will allow costs for the deposition transcript of Virginia Ward. She was a witness for the non-prevailing party, and therefore defendant obtaining a transcript of her deposition was clearly necessary to the litigation and not done simply for defendant's own convenience or discovery purposes. *See Martinez*, 2009 WL 3298080, at *2.

The Court will not allow costs for obtaining the transcript of the Ganim deposition. Ganim did not appear at trial, and defendant does not demonstrate any "special circumstance" that would justify the awarding of costs. *Smartling*, 2019 WL 3802524, at *1.

Nor will the Court award costs for the transcript of defendant's own deposition. "Courts in this district generally have held that parties cannot recover the costs of their own deposition transcripts." *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, 392 F. Supp. 3d 120, 136 (D. Mass. 2019) (citing *Hillman v. Berkshire Med. Ctr., Inc.*, 876 F. Supp. 2d 122, 127 (D. Mass. 2012); *Legrice v. Harrington*, 2010 WL 2991670, at *1 (D. Mass. July 26, 2010); *Neles-Jamesbury, Inc. v. Fisher Controls Int'l, Inc.*, 140 F. Supp. 2d 104, 106 (D. Mass. 2001)). The theory behind this prohibition is that such a transcript is only for the convenience of counsel or discovery purposes. *See Legrice*, 2010 WL 2991670, at *1 (holding that the costs of the parties' own deposition transcripts were not "necessarily incurred" because the "testimony of these individuals, as parties

to the litigation, was readily available without the need of deposition transcripts.").

Accordingly, transcript and video recording costs associated with the depositions of plaintiff, Virginia Ward, Remaley, and Shamburek in the amount of $5,165.30 will be allowed. All other requested costs for deposition transcripts are denied.

### D.    Witness Costs

Defendant requests an attendance fee of $40 for its expert witness, Winnifred Williams. Pursuant to 28 U.S.C. § 1821(b), "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." Plaintiff contends that this fee should be denied because Williams appeared voluntarily and was paid by defendant for his attendance. (Pl.'s Opp'n at 5). However, the fact that a party compensated its expert witness does not necessarily foreclose the awarding of the statutory attendance fee. Plaintiff points to no statute or case law that provides otherwise.

Accordingly, the Court will award the statutory attendance fee of $40.

### E.    Attorneys' Fees Incurred Opposing Motion for New Trial

Defendant requests $1,953.50 in attorneys' fees that he incurred opposing plaintiff's motion for a new trial. He contends that the motion was frivolous and that fees opposing it should be awarded pursuant to 28 U.S.C. § 1927. (Def.'s Mot. for Costs at 4).

Plaintiff contends that the motion for the new trial was based on what he views as errors in the Court's jury instructions and evidentiary rulings. According to the plaintiff, the motion was reasonable and well-founded. (Pl.'s Opp'n at 2-3).

It is appropriate to impose sanctions against an attorney who "multiplies the proceedings of [a] case unreasonably and vexatiously." 28 U.S.C. § 1927. "Litigation qualifies as 'vexatious' if it is 'harassing or annoying, regardless of whether it is intended to be so.'" *Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 245 (1st Cir. 2010) (quoting *Cruz v. Savage*, 896 F. 2d 626, 632 (1st Cir. 1990)). However, § 1927 does not apply to "'garden-variety carelessness

or even incompetence,' but instead requires that the 'attorney's actions . . . evince a studied disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court.'" *Id.* at 245-46 (quoting *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 64 (1st Cir. 2008)).

The Court does not find that such a breach occurred here. Plaintiff's motion appears founded in an honest disagreement with the Court's rulings at trial, and while the motion's merits may be debated, the motion, itself, does not cross the boundary from vigorous advocacy to wanton harassment.

Accordingly, defendant's request for attorneys' fees pursuant to § 1927 is denied.

### III.   Conclusion

For the foregoing reasons, defendant's motion for costs is GRANTED in part and DENIED in part. Defendant's motion for costs is GRANTED in the amount of $5,205.30, and is otherwise DENIED.

**So Ordered.**

/s/ F. Dennis Saylor, IV
F. Dennis Saylor, IV
Dated:  June 7, 2022                Chief Judge, United States District Court